573 So.2d 249 (1990)
Kenneth E. CARPENTER, Sr., Plaintiff-Appellee-Appellant,
v.
LAFAYETTE WOODWORKS, INC., et al, Defendant-Appellant-Appellee.
No. 89-738.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1990.
Dean, Lomenick & Seemann, Otis E. Lomenick, Lafayette, for plaintiff/appellee/appellant.
Piccione & Piccione, James K. Piccione, Joseph J. Piccione, for defendant/appellant/appellee.
Broussard & David, Paul B. David; Roy & Hattan, L. Lane Roy; Laborde & Neuner, James Pate, Lafayette, and David & Wolff, John P. Wolff, Baton Rouge, for defendants/appellees.
Before GUIDRY, FORET and KING, JJ.
FORET, Judge.
These are appeals by plaintiff, Kenneth E. Carpenter, Sr. (Carpenter); defendant-third party plaintiff, Lafayette Woodworks, Inc. (Lafayette); and defendant-third party defendant, Ranger Insurance Company (Ranger), who was the insurer of Lafayette, from a summary judgment partially dismissing the petition and third party demand in these proceedings.

FACTS
On June 14, 1984, Carpenter purchased a motorhome from Lafayette. Within days thereafter, and particularly on rainy days, substantial leakage occurred, causing extensive damage to the interior of the motorcoach, and, in particular, its curtains, beds, wall coverings, floors, and appliances, and substantial other defects manifested themselves. (Oil leaks from the engine, exhaust leaks, a broken parking brake, broken heater hoses, a malfunctioning generator motor, and an oil leak in the generator were repaired under warranty by Service Chevrolet. No further problem ever existed in those defective conditions.) Despite innumerable "repairs" by Lafayette, the water leakage problem did not improve. A redhibitory lawsuit was instituted against Lafayette and Ranger, in which Carpenter *250 prayed for rescission of the sale, property damage to the curtains, beds, wall coverings, floors, and appliances of the motorcoach, and damages for mental anguish. Lafayette filed a third party demand against Ranger, and Ranger filed a motion for summary judgment against the claims of Carpenter and Lafayette.
The trial court held that there had been an occurrence, but that all of the property damage claims of Carpenter were specifically excluded from coverage in the Ranger insurance policy. However, the trial court denied Ranger's motion for summary judgment as to Carpenter's damage claim for mental anguish brought against Ranger. The trial court also denied Ranger's motion for summary judgment as to Lafayette's third party demand seeking a determination that the damage claim for mental anguish brought against it by Carpenter was covered by the insurance policy.
The principal issues on appeal are the following:
(1) Whether or not Carpenter's alleged damages were the result of an "occurrence";
(2) Alternatively, if an occurrence were found, whether or not Carpenter's property damage claims were excluded from coverage in the Ranger insurance policy;
(3) Whether or not Carpenter's claim for mental damages is sufficient to establish recovery; and
(4) Whether or not there existed a genuine issue of material fact precluding rendition of a summary judgment.

EXCLUSIONARY POLICY PROVISIONS
Carpenter and Lafayette assert that the Ranger insurance policy afforded coverage to Lafayette for Carpenter's claims. Their assertion is based on the following insurance provision:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."
Ranger argues that its insurance policy afforded no coverage to Lafayette for the damages sought by Carpenter. That argument is based on two grounds. Ranger avers that (1) there was no "occurrence." According to the insurance policy, "`occurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Ranger avers that (2), in the alternative, its insurance policy specifically excluded coverage for a defective motorcoach and for its negligent repair. That last argument is based upon the following provisions of the insurance policy:
"This insurance does not apply:
. . . .
(n) to property damage to the named insured's products arising out of such products or any part of such products;
VI. BROAD FORM PROPERTY DAMAGE LIABILITY COVERAGE
([I]ncluding completed operations)
The insurance for property damage liability applies, subject to the following additional provisions:
(A.) Exclusions (k) and (o) are replaced by the following:
(1) to property owned or occupied by or rented to the insured, or, except with respect to the use of elevators, to property held by the insured for sale or *251 entrusted to the insured for storage or safekeeping;
(2) except with respect to liability under a written sidetrack agreement or the use of elevators,
(a) to property while on premises owned by or rented to the insured for the purpose of having operations performed on such property by or on behalf of the insured.
(b) to tools or equipment while being used by the insured in performing his operations,
(c) to property in the custody of the insured which is to be installed, erected or used in construction by the insured,
(d) to that particular part of any property, not on premises owned by or rented to the insured,
(i) upon which operations are being performed by or on behalf of the insured at the time of the property damage arising out of such operations, or
(ii) out of which any property damage arises, or
(iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured;
(3) with respect to the completed operations hazard and with respect to any classification stated in the policy or in the company's manual as `including completed operations', to property damage to work performed by the named insured arising out of such work or any portion thereof, or out of such materials, parts or equipment furnished in connection therewith."

WAS THERE AN OCCURRENCE?
Coverage is afforded to Lafayette Woodworks by the Ranger policy only if there was an "occurrence" or "accident" within the contemplation of those terms as found in the policy. To ascertain whether there was an "occurrence" or "accident," we have examined the jurisprudence of this State. In Vitenas v. Centanni, 381 So.2d 531 (La.App. 4 Cir.1980), the court found there was no "occurrence" under the provisions of a contractor's policy where the liability of the contractor depended solely upon his improper construction of a carport. Furthermore, the court found that the exclusions pertinent to that case, which exclude coverage of property damage to the product itself, supplement the provision that there must first be an "occurrence." Thus, as in the present case, inasmuch as Lafayette Woodworks' liability is dependent upon its defective repair of the motorhome, there has been no "occurrence" to invoke coverage.
Similarly, in Bacon v. Diamond Motors, Inc., 424 So.2d 1155 (La.App. 1 Cir.1982), writ denied, 429 So.2d 131 (La.1983), the court found there was no "accident" within the meaning of the automobile dealer's policy where damages sought were a result of the defective repair of an automobile. The court stated that, "Our jurisprudence seems well established to the effect that faulty repair work does not fall within the definition of `accident'."
In our own circuit, in the case of Fredeman Shipyard v. Weldon Miller Cont., 497 So.2d 370 (La.App. 3 Cir.1986), Judge King, speaking for the Court, stated that, in cases involving insurance policies with identical or substantially similar provisions of "occurrence," the courts have found no accident or occurrence where the liability of a contractor was dependent solely on his improper construction or faulty repair work.
The policy provisions in the above cited jurisprudence are similar to the exclusionary provisions, and the definition of "occurrence," found in the Ranger policy. The exclusionary provisions of the Ranger insurance policy are consistent with each other, and they supplement that policy's provision that coverage is afforded to Lafayette only if there were an "occurrence" or "accident."
There is no question that the policy does not cover damages caused by the defective workmanship of Lafayette. Plaintiff and Lafayette attempt to indirectly find coverage under Ranger's policy for damages which are not covered directly. It cannot *252 be said that rain is an "accident" or an "occurrence" within the contemplation of the policy where the damages caused by the rain resulted from Lafayette's faulty repair work. Since there was no "occurrence" within the contemplation of the policy, coverage is not triggered under the policy. As coverage is not triggered, there can be no recovery by the plaintiff or Lafayette against Ranger, an "occurrence" being a prerequisite to recovery of any kind, pecuniary or nonpecuniary, under the policy.
The judgment of the trial court as to its finding of a cause of action for mental anguish is reversed. In all other respects, the judgment is affirmed. The petition of plaintiff and the third party demand of Lafayette Woodworks against Ranger are dismissed. The case is remanded to the trial court for further proceedings as between plaintiff and Lafayette Woodwork.
Costs of this appeal are to be borne by Carpenter and Lafayette, one-half to each. Costs at the trial level shall await final disposition of this matter.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUIDRY, J., concurs in the result.