I .WALTZER, Judge.

STATEMENT OF THE CASE

On 10 July 1996, plaintiff Gad M. Lawyer filed suit against the Succession of Eva Mae McBride Kountz and others. Subsequently, three named defendants filed a third party demand claiming Allstate provided insurance coverage for their actions. Allstate answered denying coverage and filed a Request for Notice. On 8 August 1997 the trial court denied Allstate’s motion for summary judgment. Allstate here seeks supervisory review of that ruling.

ANALYSIS

A review of the application and exhibits indicates that the writ is untimely. Rule 4-3, Uniform Rules, Courts of Appeal provides:
When an application for writs is sought to review the actions of a trial court, the trial court shall fix a reasonable time within which the application shall be filed in the appellate court, not to exceed thirty days from the date of the ruling at issue. Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of the motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant’s fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application which does not contain this documentation may not be considered by the appellate court.
12This court has refused to consider writ applications filed untimely under Rule 4 — 3 in a number of unpublished opinions. In Spangler v. Chiasson, 95 2113 (La.App. 1 Cir. 4/22/96), 681 So.2d 956, the relator sought writs to review the denial of a motion for summary judgment, which denial was rendered in open court. The court held:
The oral ruling denying defendants’ motion for summary judgment was rendered on June 16, 1995. This ruling is interlocutory; therefore, a written judgment is not necessary. The ruling can be reflected in a minute entry. See Jacoby v. State, 429 So.2d 209 (La.App. 1st Cir.), writ denied, 441 So.2d 771 (La.1983); Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir.1972). For this reason, the thirty day delay began to run from the date of the oral ruling. Accordingly, the notice of intent filed on *235 September 21, 1995, is untimely. Because this notice was filed "with the trial court outside the thirty day period, the court’s setting of the return date for October 16. 1995, will not be considered a valid extension of the time for filing. Therefore, we find the writ application is untimely and should not be considered.
By contrast, when a ruling is not rendered in open court, but the matter is taken under advisement, notice of the trial court’s ruling is required. La. C.C.P. art. 1914. In those cases the thirty day delay runs from the date of notice. Watts v. Dorignac, 95 2285 (La.App. 1 Cir. 4/22/96), 681 So.2d 955.
In the instant case, the relator notes that the trial court heard oral argument on 8 August 1997. The Notice of Intent was not filed with the trial court until September 15, well after the thirty day delay provided in Rule 4-3.[1] If the ruling was taken under advisement and the relator did not receive notice until a later date, the rule provides that the relator must submit documentation with the application to explain why the application was not filed timely. As per the rule, “any | ^application which does not contain this documentation may not be considered by the appellate court.”
By order of this Court rendered 12 November 1997, relator was ordered to show cause to this Court why its application should not be dismissed for failure to comply with Rule 4 3, Uniform Rules, Courts of Appeal, citing Spangler, Watts and La.C.C.P. art. 1914. Relator’s letter of 15 November 1997 fails to address the relevant issues of whether the judgment was rendered in open court on 8 August or taken under advisement and, if the latter, the date on which relator received notice of judgment.
In light of relator’s continuing non-compliance with Rule 4-3, Uniform Rules of Louisiana Courts of Appeal, we will not consider relator’s application.

WRIT NOT CONSIDERED.

. Although the application was filed within the delay set by the trial court, Rule 4-3 provides that a court may not extend the time for filing after the delay has expired.