716 So.2d 493 (1998)
Gail M. LAWYER
v.
Succession of Eva Mae McBride KOUNTZ, et al.
Nos. 97-C-2701, 97-C-2918.
Court of Appeal of Louisiana, Fourth Circuit.
July 29, 1998.
*494 Hulse & Wanek, Charles M. Ponder, III, New Orleans, for Metropolitan Property and Casualty Insurance Co.
Longenecker & Associates, Ltd., Geoffrey H. Longenecker, Mandisonville, for Succession of Eva Mae McBride Kountz, Sandra Kountz Dusang, and Barbara Kountz Kupit.
Blue Williams, L.L.P., Thomas G. Buck, Robert E. Williams, IV, Metairie, for State Farm Fire & Casualty Co.
Before KLEES, LANDRIEU and CIACCIO, JJ.
KLEES, Judge.
This matter was remanded by the Supreme Court for our reconsideration of State Farm Fire & Casualty Company's and Metropolitan Property Casualty Insurance Company's writ applications for relief from the trial court's denial of their motions for summary judgment. Following the remand, we consolidated both writ applications for review herein. The issue presented for our review is whether, under Louisiana law, an action brought by a purchaser for breach of warranty/redhibition for the rescission of sale of residential property is covered under the sellers' homeowner's policies. After considering all briefs and oral argument, we find error in the judgments below and reverse.

FACTUAL ALLEGATIONS AND PROCEEDINGS BELOW
This matter arises from a redhibitory action for recission of sale brought by plaintiff, Gail M. Lawyer, against the Succession of Eva Mae McBride Kountz ("the Succession") and others. According to plaintiff's petition, plaintiff purchased a home located at 5349 Vermillion Boulevard in New Orleans on September 28, 1995 from the Succession for the sum of $68,000.00. Plaintiff alleged in her petition that the residence was infested with termites as of the date of sale, and that such condition was "covered up" by defendants. Plaintiff further alleged that there were plumbing defects or damage in the home which was discovered upon inspection for insect damage, requiring the replacement of sewer drain lines.
Sandra Kountz Dusang and Barbara Kountz Kupit are named as defendants in plaintiff's petition in their capacity as universal legatees of the Succession. Plaintiff also named as defendant the realtor and the real estate agent who listed the property on behalf of the sellers, as well as Rid-A-Pest, the termite company that issued a termite certificate on the property prior to the sale.
Plaintiff stated that defendants were liable for the following acts:
1) Selling a house that is so inconvenient and imperfect that plaintiff would never had purchased it had she known of its vices;
2) Selling a house which they knew or should have known had serious defects which they did not disclose to plaintiff purchaser;
3) For intentionally covering and concealing defects in the house;
4) For obtaining and furnishing a false termite certificate in furtherance of selling the house.
Plaintiff requested relief in the form of the return of her purchase price, reimbursement of the costs associated the sale of the property, reasonable attorney's fees, costs of repair of the property and damages for emotional *495 distress as a result of her purchase of the property.
In response to plaintiff's petition, defendants the Succession, Kupit and Dusang filed a third party demand against Metropolitan Property and Casualty Insurance Company seeking indemnity and a legal defense of plaintiffs lawsuit. Defendants alleged that at all pertinent times hereto, Metropolitan had in force and effect a policy of insurance insuring Eva Mae McBride Kountz for the acts and liability alleged by plaintiff herein. Sandra Kountz Dusang also joined as a plaintiff in the third party demand, naming as defendant State Farm Fire & Casualty Company, alleging that State Farm issued a policy of homeowner's insurance on her residence which she contends covers her for the acts and liability alleged by plaintiff. Further, Barbara Ann Kupit brought a separate third party demand against Allstate Insurance Company, alleging that Allstate issued a policy of homeowner's insurance to her which indemnified her for the relief sought by plaintiff.[1]
Metropolitan answered the third party demand, denying any coverage, indemnity or defense under its homeowner's insurance policy. Metropolitan subsequently moved for summary judgment on the basis that no coverage was afforded under its policy in connection with the sale of this residential property by the Succession to plaintiff. Specifically, Metropolitan argued that the claims asserted by plaintiff did not constitute "property damage" as defined in the Metropolitan policy. Further, Metropolitan argued that there was no "occurrence" under the terms and conditions of the policy so as to invoke coverage.
State Farm also moved for summary judgment on similar grounds as alleged by Metropolitan. State Farm argued that the redhibition action, which arises out of a sale or contract, does not constitute an occurrence giving rise to bodily injury or property damage under the policy of insurance issued by State Farm.
By judgment dated November 17, 1997, the trial court denied the motion for summary judgment brought by Metropolitan. In its reasons for judgment, the trial court stated as follows:
This Court, in denying Metropolitan's Motion for Summary Judgment, finds that the policy of insurance issued to Eva Mae Kountz does not specifically exclude coverage for the allegations of Gail M. Lawyer. This Court finds that the damage caused by the termites is an occurrence as defined under the Metropolitan policy. Since the damage is caused by "continuous or repeated exposure to the same general harmful condition." (policy of insurance issued by Metropolitan).
Additionally, Metropolitan's argument that Section IIAdditional Coverages exclude the damages alleged by plaintiff. By its own language, this section explains additional coverages and is not the exclusionary portion of the policy.
By judgment dated November 20, 1997, the trial court denied State Farm's motion for summary judgment, without assigning reasons therefor. Both State Farm and Metropolitan have sought our supervisory review of these judgments. We initially denied the applications, but in light of the Supreme Court's remand, we now reconsider the issues presented therein.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo. A motion for summary judgment which shows that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law shall be granted. La.Code Civ.Proc. art. 966 C(1); Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. The standard for summary judgments under Louisiana law has been recently modified by legislative revision of Article 966 of the Louisiana Code of Civil Procedure. Summary judgments are now favored, and the rules regarding such should be liberally applied. La.Code Civ.Proc. art. 966 A(2); Oakley v. *496 Thebault, 96-0937 (La .App. 4 Cir.11/13/96), 684 So.2d 488, 490.

THE INSURANCE POLICIES

The Metropolitan PolicyWrit No. 97-C-2701
The Metropolitan policy was issued to Eva Nae [sic] M Kountz as homeowner's insurance for the property at 5349 Vermillion Boulevard and the effective policy period was from February 26, 1995 through February 26, 1996. Defendants contend that Sandra Kountz Dusang and Barbara Kountz Kupit are additional insureds under the property, based on provisions of the policy which include the legal representatives of a named insured who is deceased. We will therefore assume for purposes of these writ applications that the Succession, Kupit and Dusang ("the defendants") were all insureds during the effective term of the Metropolitan policy. The sale of the property occurred during September of 1995, and the damage to the property was allegedly discovered in May of 1996.
Defendants contend that the Metropolitan policy provides coverage to them for the claims asserted by plaintiff under Section II of the policy.[2] Defendants contend they are entitled to indemnification and a defense based on the following language of the policy:
Section II Coverage F Personal Liability
We will pay all sums for bodily injury and property damage to others for which the law holds you responsible because of an occurrence.
We will defend you, at our expense with counsel of our choice, against any suit or claim seeking these damages.
Metropolitan's policy issued to Ms. Kountz defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, resulting in bodily injury or property damage during the term of the policy." Property damage is defined as "physical damage to or destruction to tangible property, including loss of use of this property." Bodily injury "means any bodily harm, sickness or disease."
Defendants further contend that the Metropolitan policy provides coverage based on the following provisions:
Section IIAdditional Coverages
We cover the following in addition to the limits of liability:
1. Damage to Property of Others
We will pay up to $500 each time you cause property damage to someone else's property during the term of the policy. At our option, we will pay the cost to either repair or replace the damaged property.
Defendants contend that as the property was sold to Ms. Lawyer, the defects in the property are considered to be "property damage to someone else's property," and therefore this coverage applies and requires Metropolitan to pay up to $500 in property damage and to provide a defense to the insureds under the policy.

The State Farm PolicyWrit No. 97-C2918
The policy at issue in this writ application was provided by State Farm to Paul and Sandy Dusang as homeowner's insurance on their home located at 412 Palm Drive, in Braithwaite, Louisiana, and was effective from November 29, 1994 to November 29, 1995.
Defendants contend that the State Farm policy provides coverage based on Section II of the policy relating to liability coverages. The policy provides in pertinent part as follows:
Coverage LPersonal Liability
If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to *497 which this coverage applies, caused by an occurrence we will:
1. Pay up to our limit of liability for the damages for which the insured is legally liable; and
2. Provide a defense at our expense by counsel of our choice.
"Occurrence" is defined in the policy as "an accident, including exposure to conditions, which results in a. bodily injury; or b. property damages; during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence." "Property damage" means physical damage to or destruction of tangible property, including loss of use of this property. "Bodily injury" means physical injury, sickness or disease to a person. It does not include emotional distress, mental anguish or any similar injury.
The State Farm policy also provides additional coverage under this section which defendants contend is applicable in the present case. The policy provides that State Farm will pay for property damage to property of others caused by an insured.

LEGAL ARGUMENTS
In order to invoke the personal liability coverage of the Metropolitan or State Farm policies, the defendants must show that the claims brought against them are for 1) property damage 2) caused by an occurrence 3) for which the insureds are legally liable. The trial court found that the termite damage was an "occurrence" which caused property damage, and therefore concluded that the Metropolitan policy does not specifically exclude coverage for Ms. Lawyer's claims. The trial court evidently denied State Farm's motion on the same basis. After careful review of both policies in this case, we conclude that the trial court was clearly wrong in finding that the policies did not specifically exclude coverage.
We have been unable to locate, and defendants fail to cite, any Louisiana jurisprudence to support the defendants' position that the subject homeowner's policies provide coverage for the redhibition action brought against the defendants by plaintiff. However, we have reviewed and are persuaded by the cases cited by the insurers to support their position that the act of sale in this case does not constitute an "occurrence" under the personal liability coverage provisions of the policy.
The third party claim brought by defendants against the insurers in this case is based on plaintiffs claims of breach of warranty in selling the property with hidden defects and the alleged misrepresentation of the defendants during the act of sale of the residential property. By the very nature of the lawsuit, plaintiff is seeking a remedy based on the sale of the subject property. An occurrence is defined as an "accident" in both the Metropolitan policy and the State Farm policy. The basis for the demands against defendants is the sale of the property, and we fail to consider the sale of residential property to be an "accident." We find that the trial court was clearly wrong in determining that the termite damage was the "occurrence" which established coverage for plaintiffs claims. The defects in the property which allegedly existed prior to the basis of plaintiffs suit (the sale) cannot be considered an "occurrence" sufficient to trigger coverage for plaintiff's demands under the express terms of the homeowner's policies. See, Korossy v. Sunrise Homes, Inc., 94-473 (La. App. 5 Cir. 3/15/95), 653 So.2d 1215, writs denied, 95-1536 and 95-1522 (La.9/29/95), 660 So.2d 878; Carpenter v. Lafayette Woodworks, Inc., 573 So.2d 249 (La.App. 3rd Cir. 1990).
Further, with regard to the issue of whether the second requirement of sustaining "property damage" has been met, we are particularly persuaded by the reasoning of a case rendered in federal court in Mississippi which involves almost an identical fact situation as the one presented here. See, State Farm Fire and Cas. Co. v. Brewer, 914 F.Supp. 140 (S.D.Miss.1996). Although there is no controlling Louisiana case law which is applicable to the present case on the issue of whether an action for redhibition based on hidden defects constitutes "property damage" as contemplated by the terms of the homeowner's policies, we adopt the sound reasoning set forth in the Brewer case.
*498 In Brewer, Mr. and Mrs. Brewer sold residential property to William Massey. After the sale, Massey discovered evidence of termite infestation, and subsequently sued the Brewers in state court for negligent and intentional misrepresentation, fraud and recission of sale. The Brewers contacted their insurer and State Farm undertook the defense of the suit with a reservation of rights. State Farm subsequently filed a suit for declaratory judgment in federal court as to its duty to defend and/or indemnify the Brewers in the underlying state court action, and brought a motion for summary judgment on the basis that their policy provided no coverage for Massey's claim against the Brewers. Finding that Massey's claim was not one for "property damage," and that there was no coverage under the policy for Massey's claim against the Brewers, the federal court granted the insurer's summary judgment.
The claims brought by Gail Lawyer against the Succession, Dusang and Kupit are for concealing defects in the property during the sale. In essence, plaintiff contends that the defendants are liable for misrepresentation in the sale of the property. Based on the allegations of this petition, plaintiff seeks to hold defendants liable for the contractual breach and resultant economic loss suffered by plaintiff as a result of the termite damage and the drain line problems in the property.
Under the clear terms of the policy, defendants are only entitled to coverage under the policy for an occurrence which causes bodily injury or property damage. As previously stated, although the trial court found that the termite damage constituted an occurrence such as to invoke coverage, we find that such determination is clearly wrong. The misrepresentation alleged in plaintiff's suit did not cause the termite (property) damages, rather, the alleged misrepresentation occurred during the sale of the property and after the termite damage had already occurred. The damages suffered by Ms. Lawyer as a result of her purchase of the property and defendants' alleged actions in concealing defects in the property therefore do not constitute "property damage" within the meaning of the insurance policies. Rather, any damages suffered by plaintiff are of a pecuniary naturedamages due to the diminished value of a home infested with termites and in need of drain line replacement. Ms. Lawyer's claims sound in negligent and intentional misrepresentation, which claims by their very nature are not for "property damage" and therefore do not fall within the scope of coverage afforded by the Metropolitan or State Farm policy.
Plaintiff further contends that she sustained emotional distress as a result of defendants' misrepresentations. However, this alleged injury occurred following discovery of the defects in the property and after the effective date of the Metropolitan policy, and is therefore not covered under the policy. In addition, the State Farm policy specifically excludes emotional distress as a type of "bodily injury" covered under its policy.
We conclude therefore that the scope of coverage in these homeowner's policies does not include an action for redhibition or breach of contractual or home warranty. The property damages and bodily injury allegedly suffered by plaintiff in this case are due to her purchase of the subject property. The only connexity between the plaintiff and the insured home is through the act of sale. To find coverage existed in this case would be to find that based on an act of sale, a homeowner's insurer becomes the warrantor of the condition of the insured property. This is not the type of coverage which is contemplated by these homeowner's policies, and we therefore find that the present policies unambiguously exclude coverage for plaintiffs demands.
Likewise, we find no coverage for this lawsuit under the "Additional Coverages" section of the policies. These provisions provide coverage for damage to the property of others. As alleged in plaintiffs petition, the damage caused by termites and the defect in the drain line were present at the time of sale. After the sale, plaintiff sought damages in the form of economic losses and the diminished value of her home based on defendants' alleged misrepresentation. Therefore, under the circumstances presented here, there was no "damage to the property of others" as a result of the misrepresentations *499 within the meaning of these provisions, and the policies clearly do not provide coverage on this basis.
Under the circumstances presented in this case, we conclude that, as a matter of law, the allegations of plaintiffs petition against defendants are unequivocally excluded from coverage under the subject policies. We have been unable to locate a Louisiana case which imposes the relief sought by defendants. An alleged misrepresentation occurring in conjunction with an act of sale cannot constitute an "occurrence" within the meaning stated in the subject policies. Although defendants may face a potential loss based on the diminished value of the property sold to plaintiff, this loss is not considered to be "property damage" or "bodily injury" and is not covered under the clear terms of the homeowner's policies.
Thus, as a matter of law, Metropolitan and State Farm have no duty to indemnify defendants in the event they are found liable to plaintiff in the redhibition suit. Further, neither Metropolitan nor State Farm have a duty to provide a defense to defendants when the policies unequivocally exclude coverage based on the allegations of plaintiff's petition. The trial court's denial of the insurers' motions for summary judgment was therefore erroneous.

CONCLUSION
Accordingly, for the reasons assigned herein, we grant relators' applications for writs and reverse the rulings of the trial court denying relators' motions for summary judgment. IT IS THEREFORE ORDERED AND ADJUDGED that the Motions for Summary Judgment brought by Metropolitan Insurance Company and State Farm Fire and Casualty Company on the issues of their respective duties to indemnify and defend defendants in this lawsuit are hereby GRANTED. Defendants' third party demands against Metropolitan and State Farm are hereby dismissed with prejudice.
WRIT APPLICATIONS GRANTED; JUDGMENTS REVERSED; MOTIONS FOR SUMMARY JUDGMENT GRANTED.
NOTES
[1] Allstate Insurance Company brought a motion for summary judgment on the issue of coverage which was denied by the trial court. That judgment is not before us in these writ applications. See, Lawyer v. Succession of Kountz, 97-2320 (La.App. 4 Cir. 12/10/97), 703 So.2d 233, wherein this Court declined to consider Allstate's writ application because it was untimely filed.
[2] Although Metropolitan initially sought to defend the third party demand based on exclusions contained in Section I of the policy with regard to damage due to insects and to wear and tear on the property, we find that Section II of the policy relating to personal liability coverage is the applicable portion of the policy in view of the third party claim brought against the insureds. We do not address the issue here of whether the Succession or its legatees could have asserted a first party claim pursuant to Section I if they had not sold the property to plaintiff.