729 So.2d 9 (1999)
Charles C. HARDING
v.
Judy Chow, wife of/and Jerry S.Y. WANG, M.D., et al.
No. 98-CA-1865.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1999.
*10 Jack E. Morris, Molaison, Price & Loeb, Gretna, Louisiana, Attorney for Defendants-Appellants Judy Chow, Wife Of/And Jerry S.Y. Wang, M.D.
John J. Hainkel, Jr., Wm. Ryan Acomb, J. Don Kelly, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, Louisiana, Attorneys for Third-party Defendant-appellee Allstate Insurance Company.
Court composed of Judge ROBERT J. KLEES, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY.
KLEES, Judge.
Third-party plaintiffs-appellants Judy Chow, wife of/and Jerry S.Y. Wang, M.D. ("the Wangs") appeal the trial court's judgment granting an exception of no cause of action filed on behalf of third-party defendant-appellee Allstate Insurance Company ("Allstate"). We affirm.
On January 19, 1995, the Wangs entered into a contract to sell their home at 5752 Bancroft Drive, New Orleans, Louisiana, to plaintiff Charles Harding ("Harding"). The contract stated that the Wangs would present a certificate from a licensed pest control company stating that the property was free from any active termites and visible existing damage due to termites.
Although the termite report indicated that the house had no signs of termite infestation and/or damage, Harding discovered termites and termite damage shortly after he took occupancy of the home. On November 13, 1995, Harding filed a petition asserting claims for redhibition or quanti minoris, intentional misrepresentation, vicarious liability, breach of contract, breach of good faith performance of contract, and unfair and deceptive trade practices. Further, the petition alleges that the Wangs "induced him to purchase the premises by intentionally and/or negligently misrepresenting the condition of the premises." Harding argues that the Wangs conducted several inspections of the property wherein termite infestation and damage were discovered but that they represented to him that no termite problem existed.
Subsequently, the Wangs filed a third-party demand against Allstate seeking indemnity and a defense. Thereafter, Allstate filed an exception of no cause of action alleging that the plain language of the homeowner's policy excludes coverage. Allstate argues that the policy denies coverage for (1) insect damage, (2) intentional acts of the insured, (3) liability assumed by the insured through a contract or agreement, and/or (4) for losses which are not an "occurrence" as defined by the policy.
Allstate's homeowner's insurance policy provides that it "will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence...." An "occurrence" is defined as "an accident including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily damage or property damage." Further, "property damage" means physical injury *11 to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.
On January 9, 1998, the trial court granted Allstate's exception and dismissed the Wangs' third-party demand against Allstate with prejudice. In its reasons for judgment, the court found "that the Allstate policy in this matter does not apply to the facts and circumstances alleged by the original plaintiff." The court further stated that "[t]he language of the policy clearly excludes coverage for intentional acts of the insured. Regarding the insect damage, it is also evident that the Allstate policy at issue excludes coverage for this type of damage."
The Wangs' primary argument on appeal is that the court erred in finding that the Allstate insurance policy excludes coverage for Harding's negligent misrepresentation claim. This assignment of error is without merit.
In Gail M. Lawyer v. Succession of Kountz, this court addressed an almost identical factual situation.[1] 97-2701 (La.App. 4 Cir. 7/29/98), 716 So.2d 493. In that case, plaintiff alleged in her petition that the residence was infested with termites as of the date of sale, and that such condition was "covered up" by defendants. In essence, plaintiff contended that the defendants were liable for misrepresentation in the sale of the property. Based on the allegations of the petition, plaintiff sought to hold defendants liable for the contractual breach and resultant economic loss suffered by her as a result of the termite damage. In response to plaintiff's petition, defendants filed a third party demand against Metropolitan Property Casualty Insurance Company and State Farm Fire & Casualty Company. Defendants alleged that the homeowner's insurance covered them for the acts and liability alleged by plaintiff. The insurance companies denied any coverage, indemnity or defense under their homeowner's insurance policies and moved for summary judgment on the basis that no coverage was afforded under their policies in connection with the sale of the property. Specifically, Metropolitan argued that the claims asserted by plaintiff did not constitute "property damage" as defined in the Metropolitan policy and that there was no "occurrence" under the terms and conditions of the policy so as to invoke coverage.[2] State Farm argued that the redhibition action, which arises out of a sale or contract, does not constitute an occurrence giving rise to bodily injury or property damage under the policy of insurance issued by State Farm.[3] The trial court denied the insurance companies motions for summary judgment. This court reversed the trial court's judgment and granted the motions for summary judgment.
In Succession of Kountz this court held that (1) the termite damage was not an "occurrence" as defined by the insurance policies and that (2) the misrepresentation alleged in plaintiffs suit did not cause the property damages. Specifically, this court stated that "[a]n occurrence is defined as an `accident'...and we fail to consider the sale of residential property to be an `accident.'" 716 So.2d 493 at 497. Further, the court found that the misrepresentation did not cause the property damage, "rather, the alleged misrepresentation occurred during the sale of the property and after the termite damage had already occurred." Id. at 498. This court reasoned that "any damages suffered by plaintiff are of a pecuniary nature damages due to the diminished value of a *12 home infested with termites...." Id. Consequently, this court held that the plaintiff's negligent and/or intentional misrepresentation claims "by their very nature are not for `property damage' and therefore do not fall within the scope of coverage afforded" by the homeowner's insurance policies. Id.
Accordingly, based on this court's holding in Succession of Kountz, we find that Allstate Insurance Company has no duty to indemnify and/or to provide a defense in Harding's suit against the Wangs for negligent misrepresentation.
Therefore, we find no manifest error in the district court's judgment granting Allstate's exception of no cause of action and thus, we affirm that judgment.
AFFIRMED.
NOTES
[1] The Supreme Court remanded this matter for our reconsideration of State Farm & Casualty Company's and Metropolitan Property Casualty Insurance Company's writ applications for relief from the trial court's denial of their motions for summary judgment. This court consolidated both writ applications for review.
[2] The Metropolitan policy stated: "We will pay all sums for bodily injury and property damage to others for which the law holds you responsible because of an occurrence. We will defend you, at our expense with counsel of our choice, against any suit or claim seeking these damages."
[3] The State Farm policy stated: "If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence we will: 1. Pay up to our limit of liability for the damages for which the insured is legally liable; and 2. Provide a defense at our expense by counsel of our choice."