838 So.2d 62 (2003)
Sara SEGAL, Florette Neuwirth, Leona G. Stamler, Suzanne George, Edward George, Evelyn Debardeleben, Individually and as Trustee for the Geismar Real Estate Trust, and the Geismar Real Estate Trust
v.
SMITH, JONES & FAWER, L.L.P., Randall Smith, Gladstone N. Jones, III, APLC, Michael Fawer and L. Tiffany Hawkins.
No. 2002-CA-1448.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 2003.
Rehearing Denied March 14, 2003.
Campbell E. Wallace, Alexandra M. Lamothe, Philip R. Sims, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for Plaintiffs/Appellants.
*63 William E. Wright, Jr., Margaret L. Sunkel, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, LA, for Defendants/Appellees.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, and Judge MICHAEL E. KIRBY).
CHARLES R. JONES, Judge.
This case arises out of a claim for legal malpractice pursuant to the appellant, Smith, Jones, & Fawler, LLP's (hereinafter "SJF") representation of the appellees, Sara Segal, Florette Neuwirth, Leona G. Stamler, Suzanne and Edward George (hereinafter "The Geismars") in a Federal Environmental Protection Agency case for injunctive relief and a separate state court action for damages. The Geismars suspensively appeal the district court's October 8, 2001 judgment granting SJF's motion for summary judgment and the January 14, 2002 summary judgment in favor of Westport Insurance Co. The Geismars also appeal the January 14, 2002 judgment denying their peremptory exception of res judicata. We reverse.

Procedural History
On March 5, 1999, the Geismars instituted a suit for damages in the Civil District Court for the Parish of New Orleans against SJF, alleging legal malpractice. The family petitioned to have the case removed to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331 governing the district courts' jurisdiction to hear a federal question. After removal was granted, the case was remanded back to the Civil District Court.
On January 12, 2001, the Geismar family filed a supplemental and amending petition, adding Westport Insurance Co., the insurer for SJF, as a defendant. The family next filed a Motion for Forum Non Conveniens, and requested that the case be transferred to the Twenty-Third Judicial District Court in Ascension Parish. After a hearing on the motion, the district court denied the motion to transfer, finding that the transfer was not in the best interest of the parties to the litigation. The Geismars made notice of their intent to file supervisory writs on the matter, which was later denied by this Court.
SJF subsequently filed a Motion for Summary Judgment on June 7, 2001. On September 12, 2001, the Geismars filed a peremptory exception of res judicata and sought an expedited hearing because a partial summary judgment had been rendered in the Twenty-Third Judicial District on July 14, 2001. The Geismars also filed a Motion to Continue the trial date until November 5, 2001, and a new Motion for Forum Non Conveniens. A hearing was later held on SJF's motion for summary judgment, and the district court granted the motion on October 8, 2001. The district court later denied the motion to continue the trial and the motion to transfer on forum non conveniens grounds.
On October 19, 2001, the Geismars requested a motion for new trial resulting from the October 8, 2001 judgment. Westport Insurance Co. subsequently filed a Motion for Summary Judgment alleging that the Geismars had no basis for a claim against them as a result of the October 8, 2001 judgment in favor of SJF. After a hearing on the Geismars' motion for new trial, the peremptory exception of res judicata, *64 and Westport's motion for summary judgment, the district court rendered a judgment on January 14, 2002, denying the Geismars' motion for new trial and exception of res judicata, and granting Westport's motion for summary judgment.
On October 22, 2002, the Geismars filed a motion seeking suspensive appeal of the October 8, 2001 judgment and the January 14, 2002 judgment. On December 30, 2002, the Geismars filed a Motion to Continue Oral Argument and a Motion To Strike Exhibit In Appellee's Original Brief. This Court denied the motion to continue and noted that the motion to strike was taken under advisement. The Geismar's suspensive appeal is the subject of the matter before this Court.

Facts
In 1995, Smith, Jones, and Fawer LLP represented Florette Neuwirth, Leona Stamler, Suzanne and Edward George in a Federal EPA Corrective Action for injunctive relief and a separate state action for damages. The actions were instituted by the Environmental Protection Agency to compel the Borden Chemical Co. to initiate corrective actions relating to the contamination of groundwater in the vicinity of property owned by the Geismars. During May 1995, SJF and four members of the Geismar family executed an agreement for legal services. The fee agreement did not specifically address the recovery of attorney's fees pursuant to the Resource Conservation and Recovery Act, which were sought in the EPA action.
On May 26, 1995, SJF filed a Motion For Leave to Intervene in the federal court EPA Corrective Action, which was granted. The Geismars were permitted to intervene, asserting rights under § 6972 of RCRA entitled the "Citizen Suit Provision," which allows private citizens to bring suit against a generator of hazardous wastes. After filing the federal complaint, SJF initiated a suit in the Twenty-Third Judicial District Court seeking damages on behalf of the Geismars.
In the RCRA action, the parties entered into a settlement agreement in which Borden acknowledged responsibility for the intervenors' costs, attorneys fees, and experts. The costs totaled $489,650. The Geismar's family representative, Evelyn Debardeleben agreed to the settlement offer after further negotiations, and Borden agreed to pay $349,600 in satisfaction of costs, attorney fees, and experts in the federal litigation.
On April 29, 1998, a draft of the settlement agreement was forwarded to Ms. Debardeleben, which included an accounting describing the disbursement of fees and expenses to be paid by Bordelon. After discussions with SJF, adjustments were made to the costs, and funds were disbursed in accordance with a revised schedule, in which SJF received the sum of $246,671.29 for attorney fees and Ms. Debardeleben received $79,334.39 as reimbursement for the family expenses. The Geismars then signed a formal settlement agreement that recognized the Geismars' right to pursue damages in state court.
After becoming disgruntled with the progression of the state litigation, the Geismars discharged SJF in a letter dated November 25, 1998. On March 5, 1999, the Geismars instituted a legal action for malpractice alleging that SJF committed a *65 number of acts and omissions, breaching their professional and fiduciary responsibilities, and asserted that they were entitled to a portion of the fees paid by Borden in the federal action.

Discussion
Appellate courts review summary judgments de novo. Lawyer v. Kountz, 97-2101 (La.App. 4 Cir. 7/29/98), 716 So.2d 493. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(b).
The Geismars contend that the October 8, 2001 and the January 14, 2002 judgments should be reversed on the grounds that the findings of the district court were contrary to Louisiana law governing the award of attorney's fees and failed to take into consideration supporting affidavit testimony. The Geismars further argue that the October 8, 2001 judgment is precluded under the doctrine of res judicata and issue preclusion by the final partial summary judgment rendered in the Twenty-Third Judicial District Court. While this Court finds merit in the Geismars' contentions, we pretermit discussion of these issues and focus on the argument that the September 12, 2001 judgment of the Twenty-Third Judicial District was final for purposes of res judicata, and thus precludes the granting of summary judgment by the Civil District Court.
La.R.S. 13:4231 states that a valid and final judgment is conclusive between the same parties. The statute provides that all causes of action arising out of the same transaction or occurrence are merged into the judgment and are barred by subsequent litigation on those causes of action. La. R.S. 13:4231. Under the principle of issue preclusion in R.S. 13:4231(3), "once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties." Hudson v. City of Bossier, 33,620 (La.App. 2nd Cir.8/25/00), 766 So.2d 738, 743. Official comment (d) further states that "the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal." This statute was designated in accordance with the current law on lis pendens. Comment (d) of La. R.S. 13:4231.
Pursuant to the article governing lis pendens, when two or more suits are pending in Louisiana courts, which arise from the same transaction or occurrence, the defendant may have all but the first suit dismissed. La. C.C.P. Art. 531. If the defendant fails to except, the plaintiff may continue the prosecution of any suit, but the first final judgment reached is conclusive as to all parties. Id.
In the case at bar, the October 8, 2001 district court judgment is precluded by the prior judgment rendered by the Twenty-Third Judicial District. On September 12, 2001, the district court in Ascension Parish ruled on the Geismar's Motion for Partial Summary Judgment on Lack of Proprietary or Ownership Interest (sic) arising from the same legal malpractice suit that was simultaneously pending in Civil District Court between the same parties. The September 12, 2001 judgment stated that summary judgment was granted in favor of the Geismars and that the monies collected resulting from the Borden settlement were not governed by federal statute, but should be awarded according to the existing fee agreement between *66 the parties. In the brief in support of their motion for new trial and exception of res judicata, the Geismars attached an exception of lis pendens filed by SJF, which was denied by the 23rd JDC. Accordingly, the first final judgment, or the September 12, 2001 judgment, is conclusive as to all the parties.
Although SJF contends that the partial summary judgment was not a final judgment for purposes of res judicata, the judgment was designated a partial final judgment along with reasons set forth by the court on September 12, 2001, prior to the judgment rendered in Civil District Court. This is consistent with La. C.C.P. Art.1915(A), which states that a partial judgment is not final unless it is so designated by the court. The finality of the September 12, 2001 judgment is further supported by the First Circuit's denial of a motion to dismiss filed by SJF on appeal, which is attached to the Geismar's reply brief. The First Circuit stated that it had appellate jurisdiction because of the partial final judgment's designation as both final and appealable. The very fact that SJF and its insurer, Westport Insurance Co., subsequently sought devolutive appeal of the September 12, 2001 judgment is indicative of the finality of the judgment.
In determining whether or not the summary judgment motion should be granted, the Twenty-Third Judicial District Court assessed whether SJF had the legal right to retain settlement funds in excess of those set forth by the Agreement for Legal Services between the parties. SJF argues that the motion for summary judgment filed by the Geismars was framed in the context of SJF's interest in the settlement funds of the Borden case in a claim for conversion. However, the determination of SJF's interest in the settlement monies was also essential to the Civil District Court judgment in determining whether SJF was guilty of legal malpractice in retaining the fees. Therefore, the issue addressed by the partial final judgment was in fact relitigated in the granting of SJF's motion for summary judgment in Civil District Court.
Although SJF argues that the September 12, 2001 judgment is currently on appeal before the First Circuit, the judgment is final for res judicata purposes unless it is reversed on appeal and was, therefore, final at the time the Civil District Court judgment was rendered. Since the October 8, 2001 judgment constitutes a final judgment, involves the same parties as the prior judgment, arises from the same transaction or occurrence, and addresses the essential issues of the prior judgment, it is precluded under principles of res judicata and issue preclusion.
Further, the Geismars contend that there is no independent course of action against Westport Insurance Co. without a finding of liability on the part of SJF. The judgment of September 12, 2001 opposes this finding, and the summary judgment granted in Westport's favor must be reversed.

DECREE
For the reasons stated herein, we reverse the October 8, 2001 judgment of the district court granting SJF's motion for summary judgment. Further, the January 14, 2002 judgment of the district court denying the Geismar's peremptory exception of res judicata and Westport's motion for summary judgment is also reversed.
REVERSED