**ROBERT R. WINCH**     \*     **NO. 2021-C-0700**

**VERSUS**     \*

    **COURT OF APPEAL**

**MICHAEL R. TOTARO,**     \*
**MAUREEN J. TOTARO,**     **FOURTH CIRCUIT**
**JAMES HENDERSON**     \*
**PROPERTIES, LLC,**     **STATE OF LOUISIANA**
**GWENDOLYN DOLL,**     \* \* \* \* \* \* \*
**GERTRUDE GARDNER, INC.,**
**ABC INSURANCE COMPANY,**
**DEF INSURANCE COMPANY**
**AND GHI INSURANCE**
**COMPANY**

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08186, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Dale N. Atkins)

Matthew D. Monson
Kevin P. Riche
John D. Carter
Rachel L. Flarity
Peyton L. Stein
MONSON LAW FIRM
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471

    COUNSEL FOR DEFENDANT/RELATOR, AMERICAS INSURANCE
    COMPANY

Robert R. Winch, Esq.
3101 Nashville Avenue
New Orleans, Louisiana 70125

    PLAINTIFF/RESPONDENT

            **WRIT GRANTED;**
            **JUDGMENT REVERSED**
            **AND RENDERED**
            **JANUARY 12, 2022**

This is a redhibition suit arising out of the sale of residential property. The Relator, Americas Insurance Company ("Americas"), filed an application for supervisory writ, seeking review of the trial court's October 15, 2021 judgment denying its motion for summary judgment. In accordance with the requirements of La. C.C.P. art. 966 H,[1] we permitted additional briefing by the parties and oral argument.[2] For the reasons that follow, we grant Americas' writ application, reverse the trial court's judgment denying its summary judgment motion, and render judgment dismissing the Respondent's claims against Americas.

## PROCEDURAL AND FACTUAL BACKGROUND

The Respondent, Robert Winch, purchased a home located at 3101 Nashville Avenue in New Orleans ("the Property") from defendants, Michael and Maureen Totaro, in September of 2015. The sale of the Property was subject to an "as-is, where-is" waiver of warranties against vices or defects in the Property. Mr. Winch contends that the Totaros knowingly and intentionally failed to disclose that the Property flooded multiple times before he purchased it. Mr. Winch claims he learned the Property was prone to flooding only after purchasing it.

---

[1] La. C.C.P. art. 966 H provides as follows: "[o]n review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument."

[2] Neither party filed additional briefing or requested oral argument.

In August of 2018, Mr. Winch sued the Totaros, claiming that the Property's susceptibility to flooding constituted a redhibitory defect in the Property and that the Totaros' alleged knowing and intentional omission of the Property's flooding history rendered the warranty waiver null and void.[3] Additionally, Mr. Winch contended that the Totaros' alleged failure to disclose the Property's flooding history violated the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, *et seq.*, and constituted fraud under La. C.C. art. 1953.

In May of 2019, Mr. Winch amended his original petition for damages to name Americas as a defendant, alleging that Americas issued a homeowner's insurance policy to the Totaros which was in effect at the time of the sale of the Property. Mr. Winch later supplemented his petitions with allegations that the Property was damaged by flooding in 2019 and 2020.

In November of 2021, Americas filed a motion for summary judgment. In its motion, Americas acknowledged issuing a homeowner's insurance policy to the Totaros, effective from May 20, 2015 to May 20, 2016. Nevertheless, Americas argued that the policy did not provide coverage for Mr. Winch's claims against the Totaros. Among other things, Americas maintained that the facts of Mr. Winch's claims do not state an "occurrence"[4] as the policy defines that term. In the absence of an "occurrence," Americas contended, it has no coverage obligations under the policy and should be dismissed from the lawsuit.

In opposition, Mr. Winch argued that the Totaros' alleged failure to disclose the Property's flooding history before the sale was an "occurrence," thereby

---

[3] Mr. Winch also sued his own realtor, the Totaros' realtor, both realtors' brokerages, and the fictitious insurers of the Totaros and the realtors.

[4] The Americas policy places quotation marks around terms specifically defined within the policy.

triggering Americas' coverage obligations under the policy. Mr. Winch also argued that summary judgment was premature because of inadequate discovery responses from Americas.

The trial court denied Americas' motion for summary judgment. This writ followed.

**SUMMARY JUDGMENT PRINCIPLES AND STANDARD OF REVIEW**

The summary judgment procedure is used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966(A)*; see also Balthazar v. Hensley R. Lee Contracting, Inc.*, 16-0920, p. 9 (La. App. 4 Cir. 3/15/17), 214 So.3d 1032, 1040 (observing that "summary judgment is a procedural vehicle for dismissing issues of law and/or fact that are not in dispute"). The summary judgment procedure is "designed to secure the just, speedy, and inexpensive determination of every action," and the summary judgment procedure is favored. La. C.C.P. art. 966(A)(2).

Appellate courts review the grant or denial of a motion for summary judgment *de novo*, employing the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Garces-Rodriguez v. GEICO Indem. Co.*, 16-196, p. 3 (La. App. 5 Cir. 12/21/16), 209 So.3d 389, 391. The standard for granting a motion for summary judgment is set forth in La. C.C.P. art. 966(A)(3), which provides:

> After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.

A shifting burden of proof is set forth in La. C.C.P. art. 966(D)(1), which provides:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

A genuine issue is one as to which reasonable persons could disagree; "if . . . reasonable persons could reach only one conclusion, there is no need for trial on that issue," and summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or nonexistence may be essential to the plaintiffs [*sic*] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.*, 13-1606, p. 5 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a determination that must be made based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270.

"A summary judgment may be rendered on the issue of insurance coverage alone, although a genuine issue as to liability or the amount of damages exists." *Stewart Interior Contractors, L.L.C. v. Metalpro Indus., L.L.C.*, 07-0251, p. 5 (La. App. 4 Cir. 10/10/07), 969 So.2d 653, 658. Moreover, "[w]hether the policy

unambiguously excludes coverage . . . is solely a question of law to be decided from the four corners of the policy . . . ." *Burmaster v. Plaquemines Par. Gov't*, 10-1543, p. 13 (La. App. 4 Cir. 3/30/11), 64 So.3d 312, 321.

## DISCUSSION

Americas argues that Mr. Winch's allegations against the Totaros do not state an "occurrence," a prerequisite to trigger coverage under the Americas policy. Thus, Americas contends, there is no genuine issue of material fact and, as a matter of law, Americas owes no coverage obligations for Mr. Winch's claims. Americas further contends that Mr. Winch has had adequate opportunity for discovery and summary judgment is proper. We agree with both arguments.

"Interpretation of an insurance policy generally involves a legal question which can be resolved properly in the framework of a motion for summary judgment." *Burmaster*, 10-1543, p. 4, 64 So.3d at 316 (citing *Bonin v. Westport Ins. Corp.*, 05-0886, p. 4 (La. 5/17/06), 930 So.2d 906, 910). In *Burmaster*, this court explained that "[a]n insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Id*. The extent of coverage is determined by "[t]he parties' intent as reflected by the words in the policy," and "[s]uch intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning." *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La. 1994) (citations omitted). Insurers can limit their liability absent a conflict with statutory provisions or public policy. *Id.* (citations omitted).

"The trigger of coverage is the event or condition which determines whether a policy responds to a specific claim." *Cole v. Celotex Corp.*, 599 So.2d 1058,

5

1075, n. 50 (La. 1992) (internal citations omitted). The following provisions of the

Americas policy determine whether Mr. Winch's claims triggered the Americas

policy:

> Coverage L – Personal Liability
> If a claim is made or a suit is brought against an "insured" for damage because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1.    Pay up to our limit of liability for the damages for which an "insured" is legally liable.
> . . .
> 2.    Provide a defense at our expense by counsel of our choice[.]
> . . .
>
> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in:
> . . .
> a.   "Property Damage".
> "Property Damage" means physical injury to, destruction of, or loss of use of tangible property.

Accordingly, coverage under the Americas policy is triggered only if Mr. Winch's

claims against the Totaros allege an accident which caused physical injury to,

destruction of, or loss of use of the Property during the policy period of May 20,

2015 to May 20, 2016.

In analogous cases, Louisiana courts have found that the alleged non-

disclosure or concealment of defects before a property sale do not constitute an

accident necessary to trigger coverage. *See Brewster v. Hunter*, 09-932, p. 5 (La.

App. 5 Cir. 3/9/10), 38 So.3d 912, 915–16 (citing *Lawyer v. Kountz*, 97-2701 (La.

App. 4 Cir. 7/29/98), 716 So.2d 493 ("Louisiana courts have found that a

purchaser's claims for damages caused by a homeowners' failure to disclose

redhibitory defects are not covered by homeowners' insurance policies."); *see also*

*Harding v. Wang*, 98-1865, p. 4 (La. App. 4 Cir. 2/3/99), 729 So.2d 9, 12; *Pierce v.*

6

*Rodriguez*, 17-681, p. 3 (La. App. 3 Cir. 7/18/18) (*unpub.*), 2018 WL 3479209; *Novak v. St. Maxent-Wimberly House Condominium, Inc.*, No. CIV.A. 16-6835, 2020 WL 5517314, p. 3 (E.D. La. Sept. 14, 2020). Moreover, it is irrelevant whether the homeowners' alleged failure to disclose defects was negligent or intentional, because neither scenario constitutes an occurrence under a homeowner's insurance policy. *See Brewster*, 09-932, p. 11, 38 So.3d at 919; *Pierce*, 17-681, p. 3.

In *Lawyer*, a residential property buyer sued the property sellers, claiming the sellers concealed termite damage and drain line problems in the property. 97-2701, pp. 3–4, 716 So.2d at 494–95. The sellers filed a third-party demand for coverage against their homeowner's insurer, who, in turn, filed a motion for summary judgment on the same basis urged by Americas here. *Id*. The trial court denied the insurer's summary judgment. This court reversed the trial court, reasoning that "[a]n occurrence is defined as an 'accident' . . . . The basis for the demands against defendants is the *sale* of the property, and we fail to consider the sale of residential property to be an 'accident.'" 97-2701, p. 9, 716 So.2d at 497 (emphasis in original). In the *Lawyer* case, this court also observed that the misrepresentations alleged by the plaintiff's suit did not cause any "property damage," another prerequisite for coverage; "[r]ather, any damages suffered by the plaintiff are of a pecuniary nature—damages due to the diminished value of a home infested with termites and in need of drain line replacement." *Id*. at p. 11, 716 So.2d at 498.

This court reached the same result in *Harding*, a nearly identical case involving a seller's alleged concealment of termite damage during a residential property sale. 98-1865, p. 4, 729 So.2d at 12. Likewise, the courts in *Brewster*,

7

*Pierce*, and *Novak*, reached the same results in claims for alleged concealment of water intrusion, foundation defects, and roof damage, respectively. *Brewster*, 09-932, p. 917, 38 So.3d at 917; *Pierce*, 17-681, p. 3; *Novak*, 2020 WL 5517314, p. 3.

We find that the foregoing cases are indistinguishable from the instant case in all pertinent respects. Mr. Winch alleges the Totaros concealed redhibitory defects in the Property before the sale. Thus, the basis for his demands against the Totaros and Americas is the sale of the Property. The sale of the Property was not an accident and therefore does not constitute an "occurrence" necessary to trigger coverage under the Americas policy.

Moreover, Mr. Winch has not alleged the second prerequisite to trigger coverage—that the sale of the Property caused any property damage during the Americas policy period. Though Mr. Winch supplemented his petition to seek recovery of damages due to flooding in 2019 and 2020, these damages neither were caused by the Totaros' sale of the Property nor occurred within the Americas policy period. Rather, the only damages Mr. Winch claims during the Americas policy period are of a pecuniary nature—the diminished value of a flood-prone home.

Because Mr. Winch's allegations do not allege the prerequisites necessary to trigger Americas' coverage obligations under the policy, we find that there is no genuine issue of material fact and that Americas is entitled to judgment as a matter of law.

Lastly, we find that Americas' summary judgment should not be delayed pending additional discovery. Mr. Winch argued in the trial court that outstanding requests for production of documents to Americas seeking earlier policies and underwriting information precluded summary judgment. We disagree.

"Construing Article 966, this court has held that '[a]lthough the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case.'" *Roadrunner Transportation Sys. v. Brown*, 17-0040, p. 11 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1273 (quoting *Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.), Ltd.*, 03-1600, pp. 3–4 (La. App. 4 Cir. 3/3/04), 868 So.2d 967, 969). Nonetheless, "[u]nless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact." *Simoneaux v. E.I. du Pont de Nemours & Co.*, 483 So.2d 908, 913 (La. 1986). "Consistent with that principle, the jurisprudence has recognized that, despite pending discovery requests, summary judgment is not premature when the issue presented is purely a legal one and additional discovery will not change the result." *SBN V FNBC LLC v. Vista Louisiana, LLC*, 18-1026, p. 8 (La. App. 4 Cir. 3/27/19), 267 So.3d 655, 662.

Mr. Winch named Americas as a defendant in May of 2019, permitting him more than two years to conduct discovery with Americas before it filed its motion for summary judgment. In his opposition to Americas' motion for summary judgment, Mr. Winch failed to demonstrate how his pending requests for documents related to Americas' underwriting information and prior policies would create a genuine issue of material fact or otherwise change the result. Americas' motion for summary judgment was based on Mr. Winch's own pleadings and deposition testimony, which, as alleged, fail to trigger coverage under the Americas policy. Mr. Winch has not explained how earlier policy documents and underwriting information would alter this result. Because Mr. Winch has had an

adequate opportunity for discovery and additional discovery would be fruitless, Americas is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, we grant Americas' writ application, reverse the trial court's October 15, 2021 judgment denying Americas' summary judgment, and render judgment dismissing Mr. Winch's claims against Americas.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**