ROGERS, J.
 

 On June 5, 1913, the present defendant sued his wife, the present plaintiff, for divorce, causing her to be cited through a curator ad hoc. On February 12, 1914. judgment of divorce was rendered and signed. On November 24, 1922, the present suit was filéd.
 

 Plaintiff seeks, in this suit, to recover $15,-000, as being the value of a one-half interest in the property owned by the matrimonial 'community at the date of the rendition of the judgment of divorce. In the alternative, she prays to be recognized as the owner of an undivided one-half interest in the property undisposed of, and to be decreed a sum equal to one-half the value of the property disposed of, .by defendant.
 

 Plaintiff’s action is grounded upon defendant’s alleged concealment of practically all the real estate belonging to the matrimonial 'community in the form of simulated sales to three individuals for the purpose of defrauding her of her rights in said community.
 

 The suit was dismissed on exceptions filed by defendant, and plaintiff has appealed.
 

 The basis of defendant’s exceptions was the failure of plaintiff
 
 to
 
 accept the community ' of acquéts and gains within the time fixed by law, which is pleaded as a bar to her right of recovery.
 

 The general rule is that, where a marriage has'been dissolved by a judgment of divorce, the wife is presumed to have renounced the community, unless she has accepted it within the delay (30 days) allowed by law. Civ. Code. art. 2420; Herman v. Theurer, 11 La. Ann. 70; Succession of Ewing, 15 La. Ann. 416; Decuir v. Lejeune, 15 La. Ann. 569.
 

 It would be against good conscience, however,- to apply the rule literally to a case where a husband has concealed all or a portion of the community property with the object of defrauding his wife out of her just share of said property. Fraud vitiates all things, and, whatever guise it may assume, one upon whom it had been perpetrated is not remediless when it is exposed. We must give effect to -this principle in construing the codal provisions. In doing so we are bound to hold, as we do, that wherever a marriage has been dissolved by a judgment of divorce, and the husband has practióed a fraud against his wife affecting her share of the community
 
 *655
 
 property, the delay within which she must accept the community does not begin to run until said community has been restored in its integrity.
 

 For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that this case be remanded to the district court to be proceeded with according to law; costs of this appeal to be paid by defendant; all other costs to await the final disposition of the suit.