HAWTHORNE, Justice.
This is an appeal by two of three defendants from a judgment of the district court recognizing plaintiff Olivia Broussard to be the true and lawful owner of 20 arpents of land and decreeing certain sales and transfers relied upon by defendants to be null, vo^d, and of no legal effect.
Plaintiff alleges, among other things, that her transfer to the defendant Rene Doucet, although in the form of an exchange, was in truth and in fact a donation and was void as a donation omnium bo-norum.
So far as may be pertinent, the facts are these: On December 15, 1950, Olivia Broussard conveyed to defendant Rene Doucet 20 arpents of land in Vermilion Parish in exchange for the life usufruct of one acre of land and a dwelling house 12 feet long by 12 feet wide. In 1952 Rene Doucet conveyed the 20 arpents of land by warranty deed to Frank Marceaux for a consideration of $800 paid by delivery of 15 head of cattle. A week or so later Marceaux sold the tract by warranty deed to Cleveland Guidry for $2,125 in cash. All of these instruments were duly recorded in the conveyance records of Vermilion Parish.
Doucet, Marceaux, and Guidry were all made parties defendant. After trial on the merits there was judgment in favor of plaintiff against all defendants decreeing that the purported act of exchange entered into by plaintiff and Doucet was an absolute nullity and of no force and effect. The judgment further decreed that the sales and transfers from Doucet to Mar-ceaux and from Marceaux to Guidry were null and void insofar as they might affect the legal title, which was recognized to be in plaintiff Olivia Broussard, who was entitled to the ownership and possession of the tract.
Guidry, the record owner at the time the suit was tried, did not take an appeal, and hence the judgment as to him has become final. Defendants Doucet and Marceaux, however, perfected a devolutive appeal to this court.
The record in this case discloses that when the act of exchange took place between Olivia Broussard and Rene Doucet, the 20 arpents of land which Doucet received had a value of $150 an acre, or at *450 least a total valuation of $2,500, and that the one acre of land,, and the’ 12-by-12 dwelling of which she" received a life usu-fruct had a value of $200. There is nothing in the record to show the value of the life usufruct which plaintiff received on this small piece of property, hut it could not have been very great, especially since plaintiff at the time of the trial was 76 or 77 years old. It is conclusively shown and not even denied that the 20-arpent tract was all the property plaintiff owned at the time of the exchange, and that she is now a ward of charity, penniless and without property; moreover, that Rene Doucet repossessed the house and the one acre of land of which she had been given the usu-fruct. The evidence further shows that she gave all of her worldly possessions to Doucet on the condition that he take care of her and pay her doctor’s bills and funeral expenses.-
Defendants in answer denied that the transfer to Doucet was a donation and alleged that he, and subsequently Marceaux and'Guidry, acquired good and valid title to the 20-arpent tract. None of them, however, took the stand or attempted to refute the evidence that the original act of exchange was intended as a gift or donation. Furthermore, it is shown and not denied that defendants Doucet and Marceaux had full knowledge of the fact that plaintiff by. the purported act of exchange was disposing of all of her property. Marceaux is shown to. be a cousin of the plaintiff and was a witness to the purported exchange which was actually a donation.
At the time of the exchange Olivia Broussard was of such feeble mentality that she could not take care of herself or manage her own affairs. As one witness said, “She can’t buy anything; she doesn’t know change for a quarter even.” It is also shown that her mental condition was well known in the community and to Doucet and Marceaux, appellants here.
If there ever was a case in which a donor divested himself of all his property without reserving enough for subsistence, this is one, and under Article 1497 of the Civil Code such a donation is null for the. whole. Furthermore, Article 12 of the Code provides that whatever is done in contravention of a prohibitory law is void though the nullity be not formally declared. The purported act of exchange was therefore void ab initio, and Doucet acquired no title from the plaintiff. Lagrange v. Barre, 11 Rob. 302; Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400; Kirby v. Kirby, 176 La. 1037, 147 So. 70.
If we could stop here, the case would be a simple one. However, appellants, particularly Marceaux, rely on the law of registry as announced by this court in the leading cases of McDuffie v. Walker, 125 La. 152, 51 So. 100, and Martin v. Fuller, 214 La. 404, 37 So.2d 851.
■ We give full recognition to the holding of those cases. However, we do not think that the law of registry has any application to the facts and circumstances of the instant case insofar as appellant Marceaux is concerned.[1] As we have pointed out before, both Doucet and Marceaux had full knowledge of all the facts which we have set out above. Marceaux was a cousin of plaintiff, was aware of her feeble mental condition, knew she owned no other property, actually was a witness to the purported act of exchange, and subsequently acquired the property for $800 and a few days later conveyed it to Guidry for $2,125. We think a fair examination of this record will convince anyone that both Doucet and Marceaux, knowing all the facts, conspired to deprive the plaintiff of all her property so that they might profit thereby, and should not be permitted to use the public records doctrine of this state as a cloak for their wrongdoing. In other words, we are simply holding that the public records doctrine relied on by ap *451 pellants is without application under the peculiar facts and circumstances of this case. See Sanders v. Mitchell, 153 La. 1087, 97 So. 200. This court has often said that fraud vitiates all things. Board of Com’rs of Orleans Levee Dist. v. Shushan, 197 La. 598, 2 So.2d 35; Cuselich v. Cuselich, 159 La. 652, 106 So. 20; Yaeger Milling Co. v. Lawler, 39 La.Ann. 572, 2 So. 398.
The judgment appealed from is affirmed.

. Guidry, Marceaux’s vendee, lias not appealed, and the judgment setting aside the sale to him has become final.