STOKER, Judge.
The plaintiff, Carbert J. Absire, filed suit against his wife, Gracie Mae Levine, seeking to have declared null and void a donation inter vivos of approximately 13 acres of land located in Vermilion Parish, Louisiana. The 13 acres are part of a larger 16.30-acre tract of land which was plaintiff’s separate property.[1] Plaintiff alleged three separate grounds of nullity in his petition. Those grounds were (1) that plaintiff was incapable of making a donation inter vivos because he was not of sound mind, (2) that plaintiff was divested *643 of all of his property and did not retain enough for his subsistence, (3) that defendant fraudulently obtained the donation from plaintiff. Plaintiff subsequently amended his petition alleging that the donation was made as security for a loan made by defendant to plaintiff, that defendant agreed to return the property when the loan was paid, but defendant refused to do so when plaintiff attempted to pay the loan. Defendant answered plaintiffs claim by way of general denial.
After a trial on the merits, the trial court found that at the time of the donation the plaintiff had no income and no assets except for the 2.5 acres which he retained in the donation. This acreage produced no income for the plaintiff. The trial court found that the plaintiffs only means of subsistence was food stamps and donations. The trial court concluded that the donation to defendant was null and void because plaintiff did not retain enough property for his subsistence. LSA-C.C. art. 1497. The court ordered that the donation be canceled and the property returned to plaintiff.
The defendant has appealed the judgment of the trial court. In addition to the omnium bonorum issue on which the trial court pitched its decision, defendant presents issues for review which concern the admissibility of parole evidence, plaintiffs mental capacity to make a donation and alleged fraud on defendant’s part. Because the trial court made no factual findings with regard to these allegations made by plaintiff, and we conclude that the trial court’s judgment is correct, discussion of those issues is unnecessary to the disposition of the case.
LSA-C.C. art. 1497 provides that a donation inter vivos shall in no case divest the donor of all of his property; the donor must reserve to himself enough for subsistence. If he has not, the donation is null, unless the donee has alienated the immovable by onerous title. The party seeking to avoid a donation as a donation omnium bonorum has the burden of proving that the donor did not retain enough for his subsistence. Ellis v. Benedict, 408 So.2d 987 (La.App. 2d Cir.1981). In this case, it was established by all of the testimony that plaintiff is a person of limited understanding and intellectual capabilities. He has a sporadic work history and did not understand the value of money. He had received a substantial sum of money by inheritance prior to his marriage which was given to a “spiritual healer” to cure the defendant of an illness from which she suffered. This money, approximately $28,-000, was never recovered.
At the time of trial, plaintiff was living in a rental house for which he owed six months in rental payments, he received $81 per month in food stamps, and did volunteer work at the Christian Service Center in return for clothing, some meals and limited financial assistance. Plaintiff’s employment prospects were not promising. The 2.5-acre retained by plaintiff did not produce any income and was, in fact, inaccessible. It amounted to nothing more than a tax liability to plaintiff. “[N]o matter how much property a donor may retain, a donation will be considered void if the residue is not sufficient for subsistence.” *644 Ducote v. Stark, 87 So.2d 770, 774 (La.App. 2d Cir.1956).
We conclude that the trial court was correct in finding that plaintiff did not retain enough property for his subsistence and that the donation should be declared null and void. Accordingly, we affirm the judgment of the trial court. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.

. The tract of land is described more particularly as follows:
16.30 acres, more or less, lying and being situated in the Northeast Quarter of Section Five (5), Township 12 South, Range 3 East, Vermilion Parish, Louisiana, being bounded now or formerly as follows: North by lands herein taken by Wilbert Abshire, Dale Abshire *643 and Phyliss Abshire, East by Estate of Henry Abadie or assigns. South by lands herein taken by Junice Joseph Abshire and West by blacktopped highway, and fully described and delineated on plat of survey made by Fred L. Colomb under date of January 21, 1972, a copy of which is recorded in Volume 837 of Conveyances at Page 932, Entry No. 240249, Records of Vermilion Parish, Louisiana, thereon designated as Plot 2.
Being the same property acquired by donor by Judgment of Possession in the Succession of Ophelia Faulk Abshire, dated March 17, 1977 and recorded in the records of Vermilion Parish, Louisiana as Entry No. 240248, Book 837, Page 929; and the Dation En Paiment dated September 28, 1983, recorded in Vermilion Parish, Louisiana as Entry No. 83-06704 and by Act of Partition recorded in Book 837, Page 932, under Entry No. 240249. LESS AND EXCEPT:
1.
That certain one acre tract, with all buildings and improvements thereon, located in the central portion of the above described tract, which has been sold to James Merriman in 1983 by deed of record in Vermilion Parish, Louisiana AND the easternmost 2 ½ acres of the above described 16.30 acre tract which is reserved and excepted herefrom by Donor.