SCHOTT, Chief Judge.
Tenants of the Housing Authority of New Orleans (HANO) initiated this class action against HANO seeking a mandatory injunction to compel it to carry out an abatement program for lead based paint in its rental units. HANO filed a third party demand against a number of paint companies and manufacturers of lead pigment (hereinafter appellees) to recover the cost of the abatement program. They filed exceptions of res judicata and no cause of action. The trial court did not rule on the former, but sustained the latter and dismissed the third party demand. HANO has appealed. The issue is whether HANO’s claim against appellees may be legally asserted as a third party demand.
The background of HANO’s lead paint problem is provided in a related appeal decided by this court on this date under docket No. 92-CA-0328. The tenants filed the present case in the trial court in December 1989 and HANO filed its third party demand shortly afterwards. In March 1990 appellees filed their exceptions. On April 9, HANO filed a motion and secured an order dismissing its third party demand without prejudice. On the next day, HANO filed the suit which was eventually dismissed by the trial court and was appealed to this court under docket No. 92-CA-0328.
The allegations and the relief sought in the second suit are identical to those of the third party demand in the present suit. On motion of appellees the trial court set aside the judgment dismissing HANO’S third party demand without prejudice. In due course appellees’ exception of no cause of action was sustained and HANO’s third party demand was dismissed with prejudice.
As discussed in our opinion in the companion case, HANO has known about the hazards of lead based paint, its obligation to abate this hazard, and the identity of appellees since the 1970’s. Having decided that HANO’s direct claim against appellees for the cost of the abatement program was prescribed, we are now confronted with an attempt by HANO to accomplish indirectly through the procedural device of the third party demand what they cannot accomplish by a direct action: Stated differently HANO would have this court decide that the liberative prescription of one year provided by C.C. art. 3492 which bars HANO from bringing this stale claim directly does not bar HANO from bringing the identical stale claim by means of a third party demand. Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. C.C. art. 3447. Liberative prescription is not merely a mode of discharging debts; it is a mode of extinguishing claims. Revision comment (b) to art. 3447. Thus, since, for the reasons stated in the related appeal, HANO’s direct claim against appellees has prescribed; HANO’s claim itself is extinguished, and it cannot be resuscitated by the assertion of it in a third party demand.
*922 HANO argues that this is not the same claim because only in the instant case has it been faced with a demand to clean up lead based paint throughout its thousands of units within a certain time period. The fallacy of this argument is that the present suit simply seeks a definitive court order to compel HANO to perform the duty it has had and knew it had for almost twenty years. Assuming that HANO’s claim against appellees for the cost of performing its duty was ever a valid claim, HANO should have asserted it before it was time barred, i.e., before the claim was extinguished.
Although this discussion is disposi-tive of the case since the arguments of the parties in this appeal have centered around C.C.P. art. 1111, we have resolved to discuss this issue for the benefit of a reviewing court. This article provides that the defendant in a principal action may implead as a third party defendant one who is or may be liable to him for all or part of the principal demand. The principal demand in this case is the following, as stated in the original petition filed by the tenants:
XIX
Petitioners ask this Court to order defendants to immediately remove or adequately cover the lead-based paint on the interiors and exteriors of all of its apartments, buildings, common areas and grounds. More specifically, petitioners ask this court to order the defendants to:
a. immediately test all surfaces, interior and exterior, intact and non-intact, of all apartments, building, common areas and grounds, in their care, custody or control for the presence of lead-based paint, and/or lead-based paint particles and/or lead-based paint dust;
b. remove or cover all lead-based paint, particles, or dust in the interiors and exteriors of all apartments;
c. remove or cover all lead-based paint, particles, or dust on/in interior and exterior: walls, ceilings, windows, window sills, window wells, moldings, doors, door sills, door frames, stairs, hallways, stair railings, stair treads, porches, porch railings, all ironwork, fire escapes, gutters, common areas and soil.
XX
Petitioners ask that HANO be ordered to complete these repairs as soon as possible with monthly status reports to petitioners and the court. Completion should be ordered within 18 months of judgment.
WHEREFORE, petitioners request this Court provide the relief requested above against defendants plus all costs of these proceedings and any other relief necessary to carry out the relief requested above.
HANO’s duty to its tenants to abate lead based paint from its rental units is based upon C.C. arts. 2692 et seq. and a number of specific ordinances, statutes, and regulations adopted by city, state, and federal governments. The principal demand seeks to compel HANO to perform its duty. Ap-pellees are not liable for any part of the principal demand. They have no obligation to HANO’s tenants to carry out a lead abatement program. The tenants are seeking injunctive relief against their lessor to clean up the apartments, to rid them of a safety hazard. HANO’s claim against ap-pellees for the cost of discharging its duty to the tenants is not a part of the principal demand. Consequently, HANO has no right to assert this demand in a third party demand. C.C.P. art. 1111.
In the trial after HANO had its third party demand dismissed without prejudice and appellees moved to set aside that judgment, HANO filed a memorandum in opposition to the motion. In that memorandum HANO virtually conceded the correctness of appellees’ position with respect to art. 1111 stating:
HANO, although admitting that the particular lawsuit before this Court might well be an inappropriate forum for its claim for indemnification, contribution and other damages, feels that such a claim does exist, and has appropriately filed an action to enforce that claim....
******
*923 Even though HANO might not have a right of action against these third party defendants in the Class Action before this Honorable Court, it does have a cause of action in another matter presently pending.
Accordingly, the judgment dismissing HANO’s third party demand is affirmed.
AFFIRMED.