848 So.2d 35 (2003)
Lee Allen HAYNES
v.
George Dewey HAYNES, et al.
No. 2002 CA 0535.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
Rehearing Denied July 7, 2003.
*36 Lee Allen Haynes, Clinton, Plaintiff/Appellee Pro Se.
Peter G. Carmichael, Baton Rouge, Counsel for Defendant/Appellee Eula Lee McNeil Haynes.
Spencer H. Calahan, Baton Rouge, Counsel for Defendant/Appellant George Dewey Haynes.
Mary E. Tharp, Gregory E. Bodin, Baton Rouge, Counsel for Defendant/Appellant Michael McNeil Haynes.
A. Vidal Davis, Natchez, MS, Defendant/Appellee Pro Se.
John R. Junkin, II, Natchez, MS, Defendant/Appellee Pro Se.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
FITZSIMMONS, J.
Mrs. Eula Lee McNeil Haynes and her children, in their own name or through a trust or corporation, were co-owners of various pieces of property. Mrs. Haynes held an undivided one-half interest and the other four co-owners each held a one-eighth interest. By a series of donations and an exchange of property, Mrs. Haynes' one-half interest in all the properties was finally transferred to either one of her sons, Mr. Lee Allen Haynes (Lee), or to Haynes & Haynes, L.L.C. Haynes & Haynes (Lee's company) is a limited liability company represented in the transfers by its managing member, Lee.
On October 10, 2000, Lee filed a suit for partition by licitation of the property known as tracts four and five of the "Farm Place" (Farm Place). Defendants, the other co-owners, Michael McNeil Haynes; the Charles Frank Haynes, Jr. Children's Class Trust, represented by its trustee, George Dewey Haynes (Trust); and the Haynes Properties Corporation (Haynes Properties); answered the suit. Among other incidental actions, the defendants also filed third party demands against Mrs. Haynes and others. As to Mrs. Haynes, the defendants, now third party plaintiffs, alleged that the exchange and donations of Mrs. Haynes' total interest in *37 all of the properties were invalidated by the undue influence exerted by Lee and by Mrs. Haynes' lack of consent. The third party plaintiffs argued that Mrs. Haynes unwillingly, mistakenly, or through confusion, transferred all of her interest to only one son, Lee, or Lee's company. Further, the third party plaintiffs alleged that the transfers were invalidated by a failure to reserve enough for Mrs. Haynes' subsistence, and by future tax problems that may arise from the transfers. In response, Mrs. Haynes filed peremptory exceptions raising the objection of no right of action to the third party demands.
The trial court sustained the exceptions and dismissed the third party demands against Mrs. Haynes. Although no motion for a temporary restraining order or injunctive relief had been made, and no notice given or hearing held on that issue, the trial court also enjoined the parties from further alienation of the disputed property. The third party plaintiffs appealed. Lee, Lee's company, and two purchasers of interest in some of the disputed property answered the appeal. They challenged the injunction and asked for damages. We affirm the dismissal of Mrs. Haynes from the third party demand, but vacate the injunction.
As a basis for nullification of the disputed exchange and donations, the third party plaintiffs have alleged undue influence, lack of consent, subsistence problems created by the donations, and possible tax problems. As a basis for standing or right of action, they argue that the exchange and donations have interfered with their ability to use and manage their property, and interfered with their right to have the property partitioned in kind. That interference, they believe, gives them an interest in the proceedings and, from that interest, flows the right to attack the exchange and donations. We disagree.
These co-owners own undivided interests in various properties, including the Farm Place, the subject of the principal demand for partition. An undivided share or interest is an incorporeal. See La. C.C. art. 812, Revision Comments-1990 (c). A co-owner may "freely ... alienate, or encumber his share," or, in other words, his undivided interest. La. C.C. art. 805. Consent of the co-owners is required for alienation or encumbrance of the "entire thing." Id. A co-owner does not have the overall right to use and manage the properties in disregard of the rights or wishes of the other co-owners. La. C.C. art. 801. If the co-owners cannot agree on use and management, the remedy is either partition, or sale, exchange, or donation by one or more of the co-owners. La. C.C. arts. 805 & 807. If the remedy of judicial partition is chosen, the court will partition in kind, unless that mode of partition is not available. La. C.C. arts. 809-811.
Except as provided by law, all persons have capacity to make or receive donations. La. C.C. art. 1470. If the donor has no forced heir, donations inter vivos may be made of all of the donor's property with one primary exception. La. C.C. art. 1497. If a donor does not retain enough for his "subsistence," the "donation of an immovable is null for the whole unless the donee has alienated the immovable by onerous title ...." La. C.C. art. 1498. Challenges to donations are allowed on the basis of fraud, duress, undue influence, and incapacity. See La. C.C. arts. 1471 & 1476-83. Although the section of the Louisiana Civil Code governing donations speaks of a "person who challenges," the articles do not specifically define a category of challengers who may attack donations inter vivos for those causes before the death of the donor. La. C.C. arts. 1482-83. However, reference to other sections of the codal scheme and jurisprudence offer useful guidelines. For example, the code does provide a specific article *38 for reduction of excessive donations, which forbids challenge until "after the death of the donor, and then only by a forced heir, the heirs or legatees of a forced heir, or an assignee of any of them ...." La. C.C. art. 1504. Similarly, for sales of immovables from parent to child, Civil Code article 2444 provides for attack only by forced heirs. See Arsht v. Davis, 561 So.2d 58, 61 (La.1990).
An exchange, like a sale, is a contract, and requires capacity and consent. See La. C.C. arts.1918, 1927, 2660 & 2661. Donations also require capacity and consent. See La. C.C. arts. 1470-83. In the absence of specific guidance, and "[t]o the extent compatible, ... rules for contracts are also applicable to ... donations." Frederick William Swaim, Jr. and Kathryn Venturatos Lorio, Successions and Donations § 10.5, in 10 Louisiana Civil Law Treatise (1995).
The victim who made the contract, or his legal representative, may challenge the contract for lack of consent or capacity. See La. C.C. arts.1919-1921, 1949-1952, 1958-1959, and Revision Comments. Similar to donations, consent to a contract "may be vitiated by error, fraud, or duress." La. C.C. art.1948; see La. C.C. arts. 1478-79 & 1483. "A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made." La. C.C. art.2031. Attacks for those reasons on relatively null contracts is limited to "those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative." Id. Applying similar legal reasoning to donations, we have held that the right afforded by Civil Code article 1498, to attack a donation that renders the donor necessitous, can be asserted only by the donor, or a forced heir, not a third party or stranger to the donation. Maxwell v. Maxwell, 180 La. 35, 156 So. 166, 167 (La.1934); Succession of Moran v. Moran, 25 So.2d 302, 303 (La.App. 1 Cir.1946); Despart v. Darambourg, 2 McGl. 5 (La.Ct.App.1884).
Please note that a third party demand is an incidental action relating to the principal demand. See La. C.C.P. art. 1111. To state a third party demand, defendants in the principal demand "may bring in any person ... who is or may be liable to him for all or part of the principal demand." Id. The peremptory exception raising the objection of no right of action assumes a viable cause of action and raises the question of whether the plaintiffs have a legal interest in judicially enforcing that right or remedy. Centofanti v. Diamond Offshore Drilling, Inc., XXXX-XXXX, p. 4 (La.App. 1 Cir. 5/22/02), 819 So.2d 1101, 1103; Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155, 1157-58 (La.App. 1 Cir.1992); see La. C.C.P. art. 681. To have a sufficient interest, or standing, a plaintiff must show a special interest; one peculiar to him and apart from the general public. Neighborhood Action Committee v. State, 94-0807, p. 7 (La.App. 1 Cir. 3/3/95), 652 So.2d 693, 697, writ denied, 95-0862 (La.5/12/95), 654 So.2d 352. "On the trial of the peremptory exception [of no right of action] at or prior to the trial of the case, evidence may be introduced to support or controvert" the exception, "when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. If the grounds of the objection may be removed by amending the petition, the plaintiffs should be given the opportunity to amend. If that is not possible, "the action shall be dismissed." La. C.C.P. art. 934.
We begin by making some initial observations: this is neither a suit by a curator, donor, donee, heir, or creditor; nor is the third party demand, as argued, a vehicle for declaratory judgment. From the record *39 before us, Mrs. Haynes, as an un-interdicted co-owner of an undivided interest or share, had the right to donate her interest in the property, including the Farm Placethe only property at issue in the principal demand for partition. See La. C.C. art. 805. However, the issue here is not whether Mrs. Haynes was actually incompetent or consented to the transfers; the issue is whether the third party plaintiffs had standing to attack the disputed transfers to which they were not a party. In an attempt to establish standing or a right of action, the third party plaintiffs argue that Mrs. Haynes' transfers of her undivided interests interfered with their legally protected interest to use and manage the properties in question, to obtain a partition in kind, and to receive clear title.
Only Mrs. Haynes can raise the claim that the donation of the undivided interest in the Farm Place, and the transfer of her interests in the other immovables, left Mrs. Haynes in necessitous circumstances. See Maxwell, 156 So. at 167; Succession of Moran, 25 So.2d at 303. The allegations of undue influence by Lee, and mistake or error by Mrs. Haynes, are attacks on the fullness or quality of her consent. See La. C.C. arts. 1478-80, 1483, 1948 & 2031. Challenges to consent and capacity[1] are assertions that the transfers of property, including the donations, are relatively null and "may be invoked only by those persons for whose interest the ground for nullity was established ...." La. C.C. art. 2031. In this case, under the applicable contract articles and the reasoning employed for attacks under Civil Code article 1498, the legal remedy for defective consent was established for the protection of the donor, Mrs. Haynes. It is not for her family or former co-owners. In addition, we are guided by the extremely narrow category of challengers specifically recognized by the code: these attacks are limited, for the most part, to donors and post-mortem attacks by forced heirs. See, e.g., La. C.C. arts. 1504 & 2444. An exchange, as a contract, is also subject to Civil Code article 2031, and the same result is achieved.
Under the particular facts here, the arguments for standing based on harm or interference of ownership interests do not create an exception to the requirements for a right of action or the result under Civil Code article 2031. Not every concern of a co-owner equates to a legal interest that would afford him standing. The third party plaintiffs do not argue that Mrs. Haynes transferred interests she did not own or that the transfers decreased the percentage of interests held by the third party plaintiffs. The future possibility that Mrs. Haynes could increase the interests of the third party plaintiffs is too speculative for consideration. The same is true for the alleged possible tax consequences. The potential that future attacks on the transfers, by Mrs. Haynes or an appointed representative, could create a cloud on the title the third party plaintiffs may receive through a judicial partition is equally speculative, and not evocative of a right to attack the disputed transfers. The attempt to establish standing by asserting interference with the use and management of the property, or a right to partition in kind, also does not create an independent basis to attack the transfers. Agreement by all the co-owners may be required for use or management decisions, but agreement is not necessary for one co-owner to alienate her undivided interest in her property. See La. C.C. arts. 801 & *40 805. Similarly, while third party plaintiffs may be interested in the type of partition that will be selected by the court, that interest has no bearing on the question of standing to attack transfers to which they were not a party. Thus, under the particular facts of this case, the third party plaintiffs had no right, or standing, to invoke or enforce the remedy of nullification of the transfers by Mrs. Haynes.
Finally, as allowed by Louisiana Code of Civil Procedure article 927, we also recognize the failure of the third party demand to state a cause of action. The peremptory exception raising the objection of no cause of action is triable on the face of the pleadings. Well-pleaded facts in the petition are accepted as true, and the court must determine if the law affords the plaintiffs a remedy under those facts. Bland v. Bland, 97-0329, p. 5 (La.App. 1 Cir. 12/29/97), 705 So.2d 1158, 1161. To state a third party demand, defendants in the principal demand "may bring in any person ... who is his warrantor, or who is or may be liable to him for all or part of the principal demand." La. C.C.P. art. 1111. Thus, a third party demand fails to state a cause of action if third party plaintiffs fail to allege that the third party defendant is their warrantor or liable for all or part of the main demand. Boyer v. Trinity Universal Insurance Company of Kansas, Inc., 576 So.2d 444, 446 (La.1991); Hubbs v. Canova, 427 So.2d 875, 877 (La. App. 1 Cir.1982).
In this case, the third party demand against Mrs. Haynes does not specifically assert, or set forth factual allegations, that Mrs. Haynes is a warrantor or liable to the third party plaintiffs for all or part of the principal demand. That main demand was a request for partition by licitation of the Farm Place. Without the proper allegations of warranty or liability, the third party demand failed to state a viable cause of action against Mrs. Haynes.
Therefore, we agree with the trial court that third party plaintiffs have no standing to sue the third party defendant, Mrs. Eula Lee McNeil Haynes, for rescission of the challenged transfers. We also hold that the third party plaintiffs failed to state a cause of action. Under the facts here, we see no evidence that the third party plaintiffs would be able to remove the objection by amendment and state a right of action, nor did the third party plaintiffs request such an opportunity. See La. C.C.P. art. 934; Hubbs, 427 So.2d at 877. Without a right of action, the question of possible amendment to state a cause of action is moot.
Finally, we address the issues of the validity of the injunction and the claim for damages raised in answers to this appeal by Lee, Lee's company, and two subsequent purchasers of portions of the disputed property. From our review of the record, it is clear that the requisite procedures for temporary restraining orders or injunctions were not followed. See La. C.C.P. arts. 3601-06 & 3609-10. Therefore, we vacate the injunction ordered by the trial court. We deny, however, the request for a remand for consideration of damages from the injunction. From this record, it appears that the injunction granted was more a facility sought by the trial court, than the third party plaintiffs. At this time, and under these specific facts, we do not believe that an order from this court to consider damages would serve the interests of justice. See La. C.C.P. arts. 3608 & 2164. We also deny the request for damages for a frivolous appeal. The arguments asserted are not of a frivolous nature. See La. C.C. P. art. 2164.
For these reasons, we affirm the judgment of the trial court sustaining the exception of no right of action and dismissing Mrs. Haynes from the third party demand. In addition, we vacate the injunction, and *41 remand for further proceedings consistent with this opinion. Costs of the appeal are assessed equally to the three third party plaintiffs, Michael McNeil Haynes; George Dewey Haynes, as Trustee of the Charles Frank Haynes, Jr. Children's Class Trust; and the Haynes Properties Corporation.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
NOTES
[1] Although the third party petition did not specifically allege incapacity as a ground for nullification, the third party plaintiffs attempt to argue incapacity on the part of Mrs. Haynes. To the extent that capacity was raised, the result would be the same under the facts here. See La. C.C. art.2031.