STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

NO. 06-1271

VIRGIE MAE BERTRAND TRAHAN,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE SUCCESSION OF OLIVIA BELLARD
BERTRAND

VERSUS

ALFRED LOUIS BERTRAND, SR.

**********
APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-477-05
HONORABLE CHARLES QUIENALTY, DISTRICT JUDGE, AD HOC

**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, Michael G. Sullivan, and James T. Genovese, Judges.

WRIT DENIED.

James B. Doyle
P. O. Box 5241
Lake Charles, LA 70606-5241
(337) 474-9989
Counsel for Plaintiff/Respondent:
    Virgie Mae Bertrand Trahan
    Succession of Olivia Bellard Bertrand

**Michael E. Roach**
**P. O. Box 1747**
**Lake Charles, LA 70602**
**(337) 436-2900**
**Counsel for Plaintiff/Respondent:**
    **Virgie Mae Bertrand Trahan**
    **Succession of Olivia BellardBertrand**

**Tim Cassidy**
**Cassidy & Gunnell**
**P.O. Box 1446**
**Jennings, LA 70546**
**(337) 824-7322**
**Counsel for Defendant/Applicant:**
    **Alfred Louis Bertrand, Sr.**

GREMILLION, Judge.

The plaintiff, Virgie Mae Bertrand Trahan, and the defendant, Alfred Louis Bertrand, Sr., both seek supervisory writs on the trial court's judgment granting in part and denying in part a peremptory exception of no right of action in favor of Alfred and the denial of his peremptory exception of prescription. For the foregoing reasons, we deny the writs.

**FACTS**

Ira Bertrand and Olivia Bellard Bertrand were the parents of Virgie and Alfred. On September 24, 1992 and September 30, 1992, Ira and Olivia executed inter vivos donations of immovable property in favor of Alfred. Ira passed away on October 25, 1992. Olivia passed away on September 2, 2000, after which Virgie was appointed administratrix of her estate. On July 11, 2005, Virgie filed a Petition to Declare Donations Null and Void seeking to have the 1992 donations to Alfred declared null and void as donations omnium bonorum, pursuant to La.Civ.Code art. 1489. She filed the petition individually as an heir and as administratrix of her mother's estate. In her petition, she alleged that the two donations divested her parents of all of their real estate and its accompanying income leaving them in necessitous circumstances. Thus, she alleged that the property or its value should be returned to her parents' estates and that Alfred was indebted to the estates for all proceeds generated from the property.

In response to the petition, Alfred filed an answer and peremptory exceptions of no right of action and prescription. Following a hearing on the exceptions, the trial court rendered judgment sustaining the exception of no right of

action as to Virgie's standing to file the petition in her capacity as administratrix of her mother's estate and in her individual capacity as a forced heir to her mother. However, it denied the exception as to her capacity as a forced heir of her father. Finally, it denied the exception of prescription finding that a cause of action based on a donation omnium bonorum was imprescriptible. Virgie and Alfred both sought supervisory writs from this judgment.

## ISSUES

In his writ application, Alfred questions whether Virgie has a right of action to challenge the donations made to him by his father, pursuant to La.Civ.Code art. 1498, and whether her claim has prescribed pursuant to the civil code articles pertaining to reduction of an excessive donation. Virgie, on the other hand, questions whether she has the right, as an heir of her mother, to seek the nullity of a donation omnium bonorum following the abolition of forced heirship pursuant to La.Civ.Code art. 1493. She further asks whether she has a right to seek the nullity of the donations in her capacity as administratrix of her mother's estate, and to sue for the loss of income to the estate occurring during the lifetime of the donor.

## DONATION OMNIUM BONORUM

The cause of action known as a donation omnium bonorum is found in Article 1498 of the Louisiana Civil Code, which provides:

> The donation *inter vivos* shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence. If he does not do so, a donation of a movable is null for the whole, and a donation of an immovable is null for the whole unless the donee has alienated the immovable by onerous title, in which case the donation of such immovable shall not be declared null on the ground that the donor did not reserve to himself enough for his subsistence, but the donee is bound to return the value that the immovable had at the time that the donee

2

received it. If the donee has created a real right by onerous title in the immovable given to him, or such right has been created by operation of law since the donee received the immovable, the donation is null for the whole and the donor may claim the immovable in the hands of the donee, but the property remains subject to the real right that has been created. In such a case, the donee and his successors by gratuitous title are accountable for the resulting diminution of the value of the property.

Although there is not an abundance of jurisprudence, the following findings are evident from our review of the law pertaining to donations omnium bonorum. First, the right to attack such a donation may only be brought by the donor, during his/her lifetime, or by their forced heirs. *Maxwell v. Maxwell*, 180 La. 35, 156 So. 166 (La.1934); *Haynes v. Haynes*, 02-535 (La.App. 1 Cir. 5/9/03), 848 So.2d 35; *Owen v. Owen*, 325 So.2d 283 (La.App. 2 Cir. 1975), *reversed on other grounds*, 336 So.2d 782 (La.1976); *Succession of Moran v. Moran*, 25 So.2d 302 (La.App. 1 Cir. 1946).

Second, a donation omnium bonorum is absolutely null and, as such, is imprescriptible. *Broussard v. Doucet*, 236 La. 217, 107 So.2d 448 (La.1958); *Abshire v. Levine*, 546 So.2d 642 (La.App. 3 Cir. 1989); *Owen*, 325 So.2d 283; *Givens v. Givens*, 273 So.2d 863 (La.App. 2 Cir.), *writ denied*, 275 So.2d 868 (1973). Louisiana Civil Code Article 7 provides, "Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity." It is well settled that the public policy behind this statute is to prevent a donor from divesting him/herself of all of their property such that they become a ward of the state.

Based on the foregoing, we find that the trial court correctly granted the peremptory exception of no right of action with regard to Virgie's standing to bring

this suit in her capacity as the administratrix of Olivia's estate. Further, based on the forced heirship laws in effect at the time of Olivia's death, the trial court correctly held that Virgie had no standing to bring this action as a forced heir of Olivia, but did have standing as a forced heir of Ira. The forced heirship laws, as amended in 1996, provided that only a child, twenty-three years old or younger at the time of his/her parent's death, qualified as a forced heir. The record suggests that Virgie was in her sixties in 1992; thus, she would have been well past the age limit for forced heirship when Olivia died in 2000.

Alfred argues that Virgie's claim in her capacity as a forced heir of Ira is prescribed as her claim is simply an action to reduce an excessive donation impinging on her legitime. He cites La.Civ.Code arts. 1503 and 1504. Louisiana Civil Code Article 1503 states, "A donation, *inter vivos or mortis causa,* that impinges upon the legitime of a forced heir is not null but merely reducible to the extent necessary to eliminate the impingement." Louisiana Civil Code Article 1504 provides:

> An action to reduce excessive donations may be brought only after the death of the donor, and then only by a forced heir, the heirs or legatees of a forced heir, or an assignee of any of them who has an express conventional assignment, made after the death of the decedent, of the right to bring the action.

He further cites La.Civ.Code art. 3497, which allows an heir five years in which to bring an action to reduce an excessive donation.

Alfred cites several cases and the Louisiana Civil Law Treatise in support of his argument. The treatise states that "[f]orced heirs have been permitted to challenge such donations after the donor's death, yet only to the extent of their

4

legitimes." Frederick William Swaim, Jr., and Kathryn Venturatos Lorio, 10 Louisiana Civil Law Treatise, *Succession and Donations*, § 11.11, p. 290 (1995) (citing *Succession of Turgeau*, 130 La. 650, 58 So. 497 (1912)). The authors then posed the following question:

> An interesting question remains as to the time forced heirs have to challenge such a donation. Is it five years as with any reduction, or is the action not subject to prescription because a donation *omnium bonorum* is absolutely null? If the action is to be treated as a reduction, limiting the forced heirs to their legitime, then perhaps the prescriptive period for reduction should control.

*Id*.

We disagree that the five-year liberative prescriptive period applies in this instance. Virgie's cause of action is based on alleged prohibited donations omnium bonorum, in which Olivia and Ira divested themselves of so much of their property that they could no longer support themselves. We agree with the trial court that once a donation is an absolutely nullity, it cannot somehow become legitimate again. As stated in *Pardon v. Moore*, 39,949, pp. 10-11 (La.App. 2 Cir. 8/17/05), 908 So.2d 1253, 1259 (citing *Gram Realty Co. v. Northern Homes, Inc.*, 308 So.2d 502 (La.App. 1 Cir. 1975)), "The prescription of five years cannot cure a defect in a tax sale which is absolutely null and void as no peremptive or prescriptive period can breathe life into something that never existed." If the donations by Ira and Olivia are found to be donations omnium bonorum, then they are prohibitive donations which are absolutely null and void and considered as never having existed. Thus, we find no merit in Alfred's argument that just because the action is brought by Virgie, the donations are revived so that Article 3497 prevents her from pursing her cause of action. Rather, we agree with the second circuit that Article 3497 does not act in such

5

a way that the five-year prescriptive period found therein cures the defective donations and then acts to deprive her of her cause of action. Accordingly, we find that the trial court correctly held that Virgie's right to bring this suit, in her capacity as a forced heir of Ira, is imprescriptible.

## CONCLUSION

For the foregoing reasons, the writ filed by Alfred Louis Bertrand, Sr., on the peremptory exceptions of no right of action and prescription is denied. We further deny the writ filed by Virgie Mae Bertrand Trahan. The costs of these writs are assessed equally to the parties.

**WRIT DENIED.**