COUVILLION GROUP, L.L.C.           \*        NO. 2019-CA-0564

VERSUS                   \*        COURT OF APPEAL

PLAQUEMINES PARISH        \*        FOURTH CIRCUIT
GOVERNMENT

                              \*        STATE OF LOUISIANA

                              \*

                              \*

                    \* \* \* \* \* \* \*

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS.**

I respectfully dissent. I would affirm the judgment of the district court granting PEC's exception of no cause of action. I find that PPG's third party demand against PEC is too attenuated from Couvillion's principal demand, such that the third party demand does not comply with La. C.C.P. art. 1111.

Article 1111 only permits a defendant to bring a third party demand against a "warrantor" or such person "who is or may be liable to [defendant] for all or part of the principal demand." La. C.C.P. art. 1111. "Where a third party demand does not allege that the third party defendant is a warrantor of the third party plaintiff or is liable for all or part of the principal demand, pursuant to C.C.P. art. 1111, that third party demand fails to state a cause of action." *Boyer v. Trinity Universal Ins. Co. of Kansas*, 576 So.2d 444, 446 (La. 1991).

The principal demand, Couvillion's claim against PPG, is based on breach of the Public Works Contract for delay damages for the period between April and November 2012. PPG's third party demand against PEC is based on breach of a different contract, the Engineering Agreement, and allegations are vague as to the extent of damages, if any, that accrued prior to the filing of the third party demand. At the time PEC made its recommendation regarding the delay damages, the delay at issue had already occurred. The third party demand contains no allegation that

1

PEC caused the delay or that PEC has any obligation to Couvillion to pay delay damages. Rather, PPG claims that PEC is at fault in making an incorrect payment recommendation and in improperly binding PPG in that recommendation. The third party demand states a wholly separate theory of liability from the principal demand. *See Boyer*, 576 So.2d at 446 (insurer failed to assert a proper third party demand against vendor because the insurer's claim was based on a different theory of liability from the principal demand; main demand was based on theft, whereas the insurer's theory of liability against the vendor was based on breach of warranty of peaceable possession); *Spells v. Hous. Auth. of New Orleans (HANO)*, 612 So.2d 920, 922 (La. App. 4th Cir. 1993) ("HANO's claim against [paint manufacturers] for the cost of discharging its duty to the tenants is not a part of the principal demand" such that HANO had no right to bring this claim in a third party demand).

Further, I find that PPG failed to state a cause of action against PEC for indemnity. PPG has no cause of action for contractual indemnity because under the Engineering Agreement, the indemnity provision only applies to personal injury or property damage claims. PEC is not obligated to indemnify PPG for Couvillion's economic loss claim – delay damages – which is not "property damage." *See, e.g., Lawyer v. Kountz*, 97-2701, p. 13 (La. App. 4 Cir. 7/29/98), 716 So.2d 493, 498; *Harding v. Wang*, 98-1865, p. 3 (La. App. 4 Cir. 2/3/99), 729 So.2d 9, 11 (declining to treat economic loss claims as "property damage" in the absence of damage to tangible property). PPG does not have a right to legal indemnity because it has not alleged that PEC caused Couvillion's damages. Rather, Couvillion seeks damages for delay under its contract with PPG, but no allegation is made that PEC caused the delay. *See Nassif v. Sunrise Homes, Inc.*, 98-3193, p. 3 (La. 6/29/99), 739 So. 2d 183, 185 ("An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive

2

or derivative and only against one who, because of his act, has caused such constructive liability to be imposed.").

Thus, I find that the district court properly granted PEC's exception of no cause of action, and for these reasons, I respectfully dissent.