STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0679

**RATCLIFF RECOVERY SERVICES, LLC**

**VERSUS**

**CITY PLACE INVESTORS, LLC**

Judgment Rendered: **DEC 27 2024**

\* \* \* \* \* \* \*

On Appeal from the 17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Trial Court Docket Number C-146073, Div. "D"

Honorable Christopher J. Boudreaux, Judge Presiding

\* \* \* \* \* \* \*

Sidney W. Degan, III
Genevieve K. Jacques
David L. Clay, II
Travis L. Bourgeois
Candace C. Chauvin
New Orleans, Louisiana

Counsel for Third-Party Defendants/
Appellants, Certain Underwriters at
Lloyd's London-Syndicate 2357;
Certain Underwriters at Lloyd's,
London-Syndicate 1458; Independent
Specialty Insurance Company; and
Interstate Fire & Casualty Company


Russell J. Stutes, Jr.
Russell J. Stutes, III
Matthew Trahan
Lake Charles, Louisiana
      and
Mickey P. Landry
Frank J. Swarr
Matthew C. Clark
Benjamin D. Rumph
New Orleans, Louisiana

Counsel for Third-Party Plaintiff/
Appellee, City Place Investors, LLC

\* \* \* \* \* \* \*

**BEFORE: GUIDRY, C.J., PENZATO AND STROMBERG, JJ.**

**PENZATO, J.**

Insurers (third-party defendants) seek reversal of an amended default judgment entered against them, in favor of their insured (third-party plaintiff), and/or reversal of the denial of their peremptory exception of no cause of action directed to the insured's third-party demand. After review, we find the trial court erred by denying the insurers' exception of no cause of action. Thus, we vacate the amended judgment entering default judgment in favor of the insured and against the insurers and denying the insurers' exception of no cause of action. We render judgment granting the insurers' exception of no cause of action and dismiss the third-party demand without prejudice.

We also deny as moot the insurers' exception of no cause of action filed with this court and deny the relief sought by the insured in its answer to the appeal.

## FACTS AND PROCEDURAL HISTORY

In August 2021, Ratcliff Recovery Services, LLC and City Place Investors, LLC entered a contract for Ratcliff to perform "a specific scope of work" for City Place, including "emergency response and mitigation services" related to hurricane damage to City Place's property. Ratcliff performed the work pursuant to the contract; however, City Place allegedly failed to pay the amount owed to Ratcliff as required by the contract. Ratcliff subsequently filed suit against City Place alleging breach of contract and seeking to recover the amount due under the contract, including interest.

City Place answered the petition and asserted a third-party demand against Certain Underwriters at Lloyd's, London-Syndicate 2357; Certain Underwriters at Lloyd's, London-Syndicate 1458; Independent Specialty Insurance Co.; and Interstate Fire & Casualty Co. (collectively, the "Velocity Insurers"[1]). The third-

---

[1] The parties collectively refer to the third-party defendants as the "Velocity Insurers." For consistency, we maintain this reference. Renaissance Re Specialty U.S. LTD was also named as a third-party defendant but was dismissed with prejudice on October 5, 2023.

party demand alleged that City Place was made defendant in Ratcliff's suit for breach of contract and payment of monies owed to Ratcliff for work performed in connection with damages to City Place's property caused by Hurricane Ida.

The third-party demand further stated that, at all relevant times, including the date of Hurricane Ida, City Place was insured by the Velocity Insurers under a policy of insurance "which specifically provided coverage to City Place Investors for damages and/or losses caused by Hurricane Ida." City Place asserted the Velocity Insurers are or may be liable for all or part of the claims asserted in the principal demand due to the existence of the insurance policies and, to the extent City Place is found liable for all or part of Ratcliff's principal demand, the Velocity Insurers are liable to City Place under the policy.

Finally, City Place alleged the Velocity Insurers were provided with satisfactory proof of loss but arbitrarily and capriciously failed to pay the amounts asserted in the main demand, along with other amounts owed to City Place for damages and/or losses caused by Hurricane Ida. City Place sought to recover all amounts found due on the principal demand, all additional amounts of the claimed losses or damages caused by Hurricane Ida that remained unpaid, and an award of damages and penalties pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

The Velocity Insurers did not respond to the third-party demand or make an appearance of record. On October 5, 2023, City Place obtained a default judgment against the Velocity Insurers for damages purportedly owed under the policy, as well as penalties and attorney fees pursuant to La. R.S. 22:1892. In response, the Velocity Insurers filed an action to annul the default judgment and/or motion for new trial, challenging the validity of the default judgment and asserting that, for multiple reasons, the default judgment should be annulled pursuant to La. C.C.P. art.

3

2002(A)(2).[2] See also La. C.C.P. art. 1971, *et seq.* The Velocity Insurers also raised an exception of no cause of action as to the third-party demand, asserting the pleading was "devoid of any facts" showing the policy covered the services performed by Ratcliff for City Place. See La. C.C.P. art. 927(A)(5). City Place opposed the action to annul and motion for new trial and asserted the exception of no cause of action was untimely and was not properly before the trial court.

The trial court granted the Velocity Insurers' action to annul and/or motion for new trial in part and amended the October 5, 2023 judgment in part to modify the amount of attorney fees awarded pursuant to La. R.S. 22:1892.[3] The trial court otherwise found no basis to grant the relief sought by the Velocity Insurers. The amended judgment, signed April 5, 2024, is silent as to the Velocity Insurers' exception of no cause of action; therefore, the exception is deemed denied. See *Matter of Commitment of Cole*, 2018-1760 (La. App. 1st Cir. 4/17/19), 276 So.3d 601, 606.

In this appeal, the Velocity Insurers re-urge various challenges to the validity of the default judgment and assert the trial court erred by failing to grant their exception of no cause of action.[4] In support of the exception, the Velocity Insurers contend that City Place failed to plead facts sufficient to show they provide coverage for the allegations in the principal demand, asserting the policy at issue is a first-party property policy, not a third-party policy providing City Place with indemnity and defense against claims by third parties. City Place conversely argues on appeal

---

[2] This court maintained this appeal in an order dated October 18, 2024, finding the Velocity Insurers' motion for new trial was timely filed.

[3] A change in a judgment that alters the amount of relief that a party is entitled to receive is a substantive change. A final judgment may be substantively amended via a timely motion for new trial and/or a timely action for nullity. See La. C.C.P. art. 1971, *et seq*; La. C.C.P art. 2001, *et seq*; *Locke v. Madcon Corp.*, 2021-0382 (La. App. 1st Cir. 12/30/21), 340 So.3d 946, 949-50.

[4] The denial of a peremptory exception is an interlocutory judgment, appealable only when expressly provided by law. La. C.C.P. arts. 1841, 2083(C); *Dunbar v. Howard*, 2021-1171 (La. App. 1st Cir. 8/16/22), 348 So.3d 738, 743. However, the correctness of an interlocutory judgment that is incorporated into a purported final judgment may be considered on appeal. *Dunbar*, 348 So.3d at 743.

the facts alleged in its third-party demand demonstrate the existence of an insurance policy, that appellants failed to pay in accordance with the policy terms, and damages resulted from that failure. For reasons explained below, we find the trial court erred by denying the Velocity Insurers' exception of no cause of action.

## EXCEPTION OF NO CAUSE OF ACTION

Although City Place does not reassert its timeliness argument on appeal, we consider, as a threshold issue, whether the Velocity Insurers' exception was timely filed with the trial court. A default judgment is a final judgment for purposes of an appeal in accordance with La. C.C.P. art. 2083; however, the judgment of the trial court is not appealable until the expiration of the new trial delays. Accordingly, a party may raise a peremptory exception at any time before the expiration of the new trial delays. See La. C.C.P. art. 927; *Schilling v. Bernhard Brothers Mechanical Contractors LLC*, 2012-2105 (La. App. 1st Cir. 9/13/13), 186 So.3d 658, 664-65, *writ denied*, 2013-2378 (La. 12/6/13), 129 So.3d 537 (finding the default judgment did not bar the defendant from raising the exception of peremption in its timely motion for new trial.) Thus, the Velocity Insurers' exception was timely filed with the trial court.[5]

The peremptory exception of no cause of action is triable on the face of the pleadings. *Haynes v. Haynes*, 2002-0535 (La. App. 1st Cir. 5/9/03), 848 So.2d 35, 40. Although the court is not required to accept conclusory allegations as true for purposes of ruling on the exception, it must accept all well-pleaded facts as true and determine if the law affords the plaintiff a remedy under those facts. *Holliday v. Estate of Beaubouef*, 2022-1112 (La. App. 1st Cir. 4/18/23), 367 So.3d 98, 100-01

---

[5] The Velocity Insurers also filed an exception of no cause of action with this court. However, because the exception was timely asserted before the trial court and is before this court for consideration on appeal, we deny as moot the exception filed with this court. Nevertheless, we note the result would be the same if we reached the merits of the exception filed with this court. In light of our holding, we also deny the relief sought by City Place (an award of additional attorney fees) in its answer to this appeal.

n.3; *Haynes*, 848 So.2d at 40. The burden of demonstrating a petition fails to state a cause of action is upon the mover. Because the exception raises a question of law, appellate courts conduct a *de novo* review. *Holliday*, 367 So.3d at 100.

The defendant in the principal demand "may bring in any person ... who is his warrantor, or who is or may be liable to him for all or part of the principal demand." La. C.C.P. art. 1111; *Haynes*, 848 So.2d at 40. Thus, a third-party demand fails to state a cause of action if the third-party plaintiff fails to allege the third-party defendant is his warrantor or is liable for all or part of the principal demand. *State, Department of Children and Family Services ex rel A.L. v. Lowrie*, 2014-1025 (La. 5/5/15), 167 So.3d 573, 578; *Haynes*, 848 So.2d at 40. City Place does not allege that Velocity Insurers are its warrantor.[6] Therefore, we focus on whether, under the well-pleaded facts accepted as true, the Velocity Insurers may be liable to City Place for all or part of Ratcliff's principal demand. See La. C.C.P. art. 1111; *State, Department of Children and Family Services ex rel A.L.*, 167 So.3d at 578.

To make this determination, we consider that a third-party defendant is liable to a third-party plaintiff only if the third-party plaintiff is cast in judgment. Liability on a third-party demand is contingent upon the result of the main demand. *Ebinger v. Venus Construction Corp.*, 2010-2516 (La. 7/1/11), 65 So.3d 1279, 1286-87; *J. D. Fields & Co., Inc. v. Nottingham Construction Co., LLC*, 2017-1220 (La. App. 1st Cir. 4/13/18), 250 So.3d 298, 301. The third-party must be derivatively or secondarily liable on the principal demand. *Hall v. Zen-Noh Grain Corp.*, 00-151

---

[6] "Warrantor" refers to "[s]omeone who gives a written warranty or becomes obligated under an implied warranty." Black's Law Dictionary (12th ed. 2024).

(La. App. 5th Cir. 9/26/00), 769 So.2d 769, 772, *writs denied*, 2000-2969, 2000-2974 (La. 12/15/00), 777 So.2d 1232, 1233.[7]

It is evident from the facts alleged in the third-party demand that City Place is asserting a claim against the Velocity Insurers for first-party insurance coverage. Specifically, the third-party demand alleged the insurance policy issued by the Velocity Insurers to City Place provides coverage to City Place for damage to City Place's property and/or losses caused by Hurricane Ida. There is no allegation the policy issued by the Velocity Insurers provides defense and indemnity coverage for City Place's alleged breach of contract – the claim asserted in Ratcliff's principal demand. Property insurance is considered "first-party" insurance, in the sense that it covers a loss sustained by the insured, the first party to the insurance contract. Conversely, liability or "third-party" insurance covers the insured's liability to a third party (a non-party to the insurance contract) for that party's loss. *Mangerchine v. Reaves*, 2010-1052 (La. App. 1st Cir. 3/25/11), 63 So.3d 1049, 1055 n.4, citing Black's Law Dictionary (8th ed. 2004).

Whether the Velocity Insurers owe any amount to City Place for property damage under the policy is not contingent upon the result of the main demand. The Velocity Insurers owe contractual obligations to their insured, arising out of the policy, regardless of whether City Place is cast in judgment for breaching its contract with Ratcliff. See *Ebinger*, 65 So.3d at 1286-87. An insurance policy is a

---

[7] We recognize, as City Place points out, that a third-party plaintiff may seek judgment over and above what is sought in the principal demand and may demand the third-party plaintiff's own damages arising out of the circumstances. In *McFarland v. Sauvinet*, 525 So.2d 686, 688 (La. App. 1st Cir. 1988), the defendants filed a third-party demand against their professional liability insurer, seeking indemnity for any amounts for which they might be found liable on the main demand, as well as penalties and attorney fees. This court noted the third-party demand for indemnity was proper pursuant to La. C.C.P. art. 1111, and judicial efficiency was served by allowing the third-party plaintiffs to further demand their own damages (penalties and attorney fees) arising out of the circumstances in addition to the damages demanded of them in the main demand. *McFarland*, 525 So.2d at 688. Unlike in *McFarland*, and as explained, the allegations in City Place's third-party demand show the policy issued by the Velocity Insurers provided first-party insurance coverage, not indemnity for any amounts for which City Place may be found liable on the main demand.

conventional obligation that constitutes the law between the insured and the insurer, and the agreement governs the nature of their relationship. *Allen v. Southwest Builders, L.L.C.*, 2022-1344 (La. App. 1st Cir. 8/24/23), 372 So.3d 32, 37.

The converse is also true. That City Place may have failed to pay Ratcliff because the Velocity Insurers did not fulfill their obligations under the policy does not render the Velocity Insurers liable for all or part of City Place's alleged contractual breach. In *Spells v. Housing Authority of New Orleans*, 612 So.2d 920, 922 (La. App. 4th Cir. 1/14/93), *writs denied*, 614 So.2d 1266 (La. 1993), the principal demand sought to compel the Housing Authority of New Orleans (HANO) to perform the duty owed to its housing tenants to abate lead based paint from its rental units. HANO asserted a third-party demand against several paint companies and manufacturers of lead pigment to recover the cost of the abatement program. *Spells*, 612 So.2d at 921. In dicta, the court of appeal concluded that HANO's third-party demand was improper, because HANO's claim against the third-party defendants for the cost of discharging its duty to the tenants was not part of the principal demand.[8] *Spells,* 612 So.2d at 922. Similarly, here, City Place had a duty to fulfill its contractual obligations owed to Ratcliff, and its claim against the Velocity Insurers for the cost of discharging this duty is not part of the principal demand. Thus, City Place's third-party demand fails to state a cause of action.

City Place has not requested an opportunity to amend its petition to cure any deficiencies; therefore, the issue is waived. See La. C.C.P. art. 934; *Martin v. Board of Adjustment Through Chairman*, 2023-0658 (La. App. 1st Cir. 2/23/24), 387 So.3d 17, 22 n.9. Additionally, we see no amendment that can be made, which would not constitute a vain and useless act. See *Martin*, 387 So.3d at 22 n.9.

---

[8] The court of appeal concluded that HANO's third-party demand was prescribed but discussed whether HANO's third-party demand was proper under La. C.C.P. art. 1111 "for the benefit of a reviewing court." *Spells*, 612 So.2d at 922.

## DECREE

We vacate the April 5, 2024 amended default judgment rendered in favor of third-party plaintiff, City Place Investors, LLC, and against third-party defendants, Certain Underwriters at Lloyd's, London-Syndicate 2357; Certain Underwriters at Lloyd's, London-Syndicate 1458; Independent Specialty Insurance Co.; and Interstate Fire & Casualty Co., which also denied the third-party defendants' peremptory exception of no cause of action.

Judgment is rendered in favor of third-party defendants, Certain Underwriters at Lloyd's, London-Syndicate 2357; Certain Underwriters at Lloyd's, London-Syndicate 1458; Independent Specialty Insurance Co.; and Interstate Fire & Casualty Co., and against third-party plaintiff, City Place Investors, LLC, granting the third-party defendants' peremptory exception of no cause of action. The third-party demand is hereby dismissed without prejudice.

Finally, the peremptory exception of no cause of action filed with this court by Certain Underwriters at Lloyd's, London-Syndicate 2357; Certain Underwriters at Lloyd's, London-Syndicate 1458; Independent Specialty Insurance Co.; and Interstate Fire & Casualty Co., is denied as moot; the relief sought by City Place Investors, LLC in answer to the appeal is likewise denied.

All costs of this appeal are assessed against City Place Investors, LLC.

**APPELLANTS' EXCEPTION OF NO CAUSE OF ACTION FILED WITH THIS COURT DENIED AS MOOT. ANSWER TO APPEAL DENIED.**

**JUDGMENT VACATED AND RENDERED; THIRD-PARTY DEMAND DISMISSED WITHOUT PREJUDICE.**